F. P. HOLDEN, RESPONDENT, v. JONATHAN ANDREWS, APPELLANT.

ESTOPPEL. — One who obtains the possession of public land of the United States from a prior possessor, under a contract of purchase, with which he has not complied, is not estopped from setting up a subsequently acquired title from the United States, in an action brought by the vendor to recover the possession. CROCKETT, J., and SPRAGUE, J., dissenting.

IDEM. — A person who has acquired the possession of lands under a contract of purchase, is precluded, while he continues in possession, from disputing the title of his vendor; but he is not estopped to show that his vendor's title has expired. *Per* RHODES, J.; SANDERSON, J., concurring.

IDEM. — As between the vendor and vendee an estoppel has its origin in the contract, its operation is limited to the title in reference to which the contract was made, and does not extend to the question of the right of possession. (*Ibid.*)

IDEM. — In an action for the possession, the vendor's right of recovery depends upon his title; when his title expires, his right to the possession also expires. (*Ibid.*)

IDEM. — The rule that the purchaser, remaining in possession after a breach of the contract, is estopped from setting up title from any other source, has reference only to title adverse to the vendor. It has no application when the subsequently acquired title is consistent with the vendor's, and when the contract was made with full recognition of such title as the permanent title. (*Ibid.*)

REASON FOR PERMITTING THE VENDEE TO SHOW THAT THE VENDOR'S TITLE HAS CEASED. — In the cases in which it is permitted to the vendee, entering under a contract of purchase, to show that the vendor's title has ceased, the defense is allowed on the ground that, without fault or fraud on the part of the vendee, the vendor's title has expired. *Per* CROCKETT, J. — SPRAGUE, J., concurring.

HAS NO APPLICATION TO THE SALE OF A POSSESSORY CLAIM.—But this reason has
no application to the sale of a possessory claim, of which alone the possession is
sold, and to which the vendee knew the vendor had no other title than the pos-
session. (*Ibid.*)

APPEAL from the District Court of the Fifth District, San
Joaquin County.

The case is fully stated in the opinions delivered.

*W. E. Greene* and *J. H. Budd,* for Appellant.

The defendant should have been allowed to have shown
his entry under the United States Homestead Laws, on the
ground that a tenant has always been allowed to show in
defense of an action of ejectment brought by his landlord,
that the title of the landlord had terminated. (*Jackson* v.
*Davis,* 5 Cow. 135.)

The only title of plaintiff to the land was prior possession.
This title terminated so soon as the United States had sur-
veyed the land and disposed of it. This, the evidence offered
by the defendant showed the United States had done.

*Byers & Elliott,* for Respondent.

The defendant went into possession under agreement to
purchase. Equity and honesty require that he should place
plaintiff in his original position before pleading subsequent
acquired title. Defendant should have gone out of posses-
sion and then brought his action, if he had superior title to
plaintiff.

Where one enters on land under contract to purchase, the
vendor and those coming under him are estopped in the
action of ejectment by the vendor, to show title in himself
or to set up an outstanding title in another. (*Jackson* v.
*Walker,* 7 Cow. 637; *Jackson* v. *Smith,* 7 Cow. 717.)

A party *in* possession of land, recognizing the title of
claimant and agreeing to purchase, may subsequently deny
such title, and show that he was imposed upon in admitting
the title ; but a party *entering* into possession under agree-
ment to purchase, cannot dispute the title of him under
whom he enters until after he first surrenders possession.
(*Jackson* v. *Spear,* 7 Wend. 401, and cases cited therein.)

A defendant in ejectment cannot question the title under which he enters. He must first restore possession to the party from whom he received possession, and then he may attack the title under which his possession was commenced.

A party who enters into possession under agreement to purchase, and the property is taxed to him, and sold for taxes, and by him bought in, cannot set up title so acquired in his own name or in that of a third person, against the rights of the vendor. (*Voris* v. *Thomas*, 12 Ill. 442.)

A parent dies and leaves co-heirs. It is not competent for one or two, having exclusive possession of the land, to defeat an action by co-heirs to obtain proportional share, by setting up title from the owner of the land. They must first surrender.

This case contains the broad general principle that a party entering under and recognizing title of another, cannot set up adverse title. (*Phelan* v. *Kelly*, 25 Wend. 389.)

A defendant in ejectment, who became possessor under contract to purchase, which has been rescinded and the purchase money refunded, cannot object to his vendor's want of title nor set up an outstanding title. (*Walker* v. *Williams*, 30 Miss. 1 Geo. 165.)

Where plaintiff relies on the prior possession of public lands, the defendant cannot show anterior possession in a stranger. (10 Cal. 22.)

SAWYER, C. J., delivered the following opinion, in which SANDERSON, J., concurred :

Plaintiff, Holden, being in possession of a tract of unsurveyed public land, sold and delivered the possession to Andrews for a sum specified to be paid at a future day. Defendant, Andrews, having failed to make payment according to the terms of the sale, plaintiff brought this action to recover possession of the land, and recovered judgment. The defendant, on the trial, offered to prove that at the time of the purchase the land was unsurveyed public land; that it had since been surveyed; that defendant was a person

qualified and competent to enter said land, under the home-stead laws of the United States ; that he did enter said lands under the homestead laws of the United States, and that he now holds the same under said laws. Plaintiff objected on the ground that defendant entered under a contract of pur-chase, and that he is estopped from setting up a subsequently acquired title from the United States, without first surren-dering the possession acquired by his purchase from the plaintiff. We think this is not a case that falls within the rule. The plaintiff did not pretend to have any title other than by naked possession. It was well known to both par-ties that the lands were public lands, and it was doubtless contemplated at the time of the sale that the defendant should purchase, or be in a position to purchase, the land of the Government so soon as it should be open to entry. It was not a case of doubtful title, in which possession is important with reference to a contemplated litigation. It may be unjust for the defendant to make use of the posses-sion thus acquired, to enable him to acquire the title of the Government, without paying for the possession according to the terms of the contract with plaintiff. But the case does not appear to us to be within the rule of estoppel invoked by plaintiff; and we think defendant should have been allowed to show that he had purchased the land of the United States.

Judgment and order denying a new trial reversed, and a new trial granted.

RHODES, J., delivered the following opinion, in which SANDERSON, J., also concurred :

I concur in the judgment, and also in the opinion that the case is not within the rule of estoppel by matter *in pais*, which is relied upon by the plaintiff; and, in my judgment, the case falls within an exception to the rule. The rule is that a person who has acquired the possession of lands under a con-tract of purchase is precluded, while he continues in posses-sion, from disputing the title of his vendor; and the exception alluded to is that he is not estopped to show that his ven-

dor's title has expired. The reasons and considerations upon which the estoppel is sustained, are quite similar to those which are found in a case between a landlord and tenant. From obvious considerations of public policy and private faith the purchaser is not permitted to retain the possession which he acquired under the contract, and at the same time deny that his vendor was entitled to the possession which he held and, under the contract, transferred to the purchaser. The estoppel has its origin in the contract, and its operation is limited to the title in reference to which the contract was made ; that is to say, the title then actually or presumptively held by the vendor. It could not reach any subsequent changes in the title of the vendor, whether by acquisition or alienation, for they are not within the scope or operation of the contract. The rule that the estoppel must be mutual, would prevent the application of the estoppel to matters transpiring subsequently to the contract. The purchaser would not be estopped from proving a subsequent change in the vendor's title, for he has never admitted that it did or would remain without change. If the vendor has subsequently conveyed his title, or it has been sold under execution to the purchaser or a third person, the purchaser may prove the truth of the matter. And so may he do when the vendor's title has been extinguished in any other mode. Such evidence is not inconsistent with the contract under which he received the possession, nor with any implied obligation arising from the fact that he acquired the possession in that manner. The estoppel does not extend to the question of the right of possession, but is limited to the title alone. Upon a breach of the contract by the purchaser, he still remaining in possession, the right of the vendor to the possession does not come immediately from the estoppel, but it proceeds from the title. The title being established by means of the estoppel, the right to the possession necessarily follows as an incident to the title. The vendor has the benefit of the presumption that his title still continues as it existed at the time of the making of the contract, but the presumption is not conclusive. The purchaser may show that the vendor has been divested of the title, subsequently

to the making of the contract.  He does not thereby deny
the title of the vendor, but he confesses and avoids it.  He
is permitted to show that the vendor's title has expired, for
by the estoppel he is precluded from denying only what he
has previously admitted ; and by executing the contract and
entering under it he admitted the existence but not the con-
tinuance of title in the vendor.  *(Jackson* v. *Rowland,* 6
Wend. 670 ; *Dispard* v. *Walbridge,* 15 N. Y. 374.)

It will be readily admitted that a third person may show a
conveyance of the vendor's title and an assignment of the con-
tract to himself, and may recover the possession of the prem-
ises upon a breach of the contract by the purchaser.  The
purchaser must be permitted to show the same facts, other-
wise the estoppel is not mutual in its operation.  It is
equally true that he may show that the vendor has been
divested of title in any other manner, or, more generally
stated, that his title has expired.  As the right to the pos-
session depends upon title, when the vendor's title expires
his right to possession also expires.  It makes no difference,
in this respect, whether he held the title in fact or only by
presumption arising from his possession at the time of the
making of the contract; for his right or claim to the posses-
sion issuing from such title would necessarily expire with it.

If it be conceded that the plaintiff had no title, then there
is no room for the operation of the estoppel; for the rule
goes to this extent, and no further :  it precludes the pur-
chaser, while continuing in possession, from denying the
title of his vendor—the title under which he entered into
possession.  This would virtually end the contest, for the
plaintiff cannot recover the possession on the contract of
sale, but upon *title alone.*  Having admitted that he had no
title, he will not be permitted to set up the estoppel to show
that his admission was untrue.  He is as much estopped by
the admission as the defendant by the estoppel arising from
the contract and the entry under it ; and we have, then, an
estoppel against an estoppel, "which settleth the matter at
large."

The estoppel relied on in this case has usually been invoked
in cases where the defendant has attempted to rely upon a

hostile title, whether held by a third person or by himself; and he has not been permitted to avail himself of such title, because the plaintiff, having held the possession at the time of the making of the contract, it would be a fraud upon him to deprive him of the possession and the presumptions and benefits arising therefrom, when the hostile title is put in issue against his own. In those cases there were two conflicting titles. But where his title has expired, or it is admitted that he never had any title, it is impossible for him to enter into any contest with the hostile title; and the reason, therefore, upon which the purchaser is required to restore the possession, before he can avail himself of the hostile title, ceases. When the defendant commits a breach of the contract, the plaintiff may, at his election, sue to recover damages for the breach, or may treat the contract as rescinded, and sue to recover the possession. Suppose the plaintiff had, before the breach, conveyed the premises and assigned the contract to a third person, it would require no argument to show that the plaintiff could neither sue on the contract nor proceed as upon a rescission of the contract, for both of those remedies would enure to his vendee. And, if he had conveyed the premises, still retaining the contract, he may recover for the breach of the contract; but his vendee is entitled to the possession of the land upon a recission of the contract; and, if, instead of a third person, the defendant has acquired the plaintiff's title, he is entitled to occupy the position that would have been held by the third person, had the title vested in him. The privity of estate upon which the plaintiff relies for a recovery, is destroyed by showing that he has conveyed his estate, or that it has been extinguished in any other mode.

Suppose the plaintiff sells and contracts to convey to the defendant a tract of land, that the defendant enters into possession, but fails to perform the contract on his part, and that, thereupon, the plaintiff sues to recover the possession; and suppose that, in fact, the plaintiff's title consisted of an estate for years, that the term had expired before the suit was brought, and that the defendant had purchased the reversion, can there be any question that the defendant

would be entitled to show those facts as a defense to the action? Should the plaintiff claim that he was entitled to be restored to the possession because of the breach of the contract by the defendant, it would be to him the most useless of all conceivable remedies, for the moment the possession is restored to him it is his duty to return it to the defendant.

If it was conceived by the Court below that the plaintiff, by virtue of his possession, had some right, equity or claim against the United States, which would enable him to procure title to the lands, and that it passed to the defendant upon his entry into possession under the contract, the idea was certainly erroneous, for there is nothing in the laws of the United States providing for the disposal of the public lands to justify the idea; and if there are any facts going to show that the plaintiff is entitled to the benefits of the defendant's entry of the lands under the Homestead Act, when he states and proves such a case, he will be entitled to relief.

The title to the lands in controversy was, at the time the contract was made, in the United States, and the parties entered into the contract with full knowledge of the condition of the title, and with direct reference to it. The plaintiff then held the possession, but his right to the possession consisted of the permission, or, as it is sometimes denominated, the license, given by the General Government to the citizens of the United States to enter upon and occupy the vacant public lands of the United States. Such license was, of course, revocable; and a sale of the lands, or an entry thereof under the homestead, or other Act providing for the disposal of the public lands, would operate as a revocation of the license, and give to the person making the entry the entire right to the possession.

The rule that the purchaser, remaining in possession after a breach of the contract, is estopped from setting up title acquired from any other source, has reference to title adverse to that of the vendor. It has no application when the vendor's right or claim is consistent with, or is derived from the title that was subsequently acquired by the purchaser, and

when the contract was made with full recognition of such title as the paramount title. Had the contract been made without any reference to or recognition of the fact that the title was in the United States, and had it been alleged by the plaintiff, or admitted as a fact, that the title was in the United States when the contract was made, it admits of serious doubt, though the case does not require the expression of an opinion on the point, whether the purchaser would be required to restore the possession to the plaintiff before he would be permitted to prove that he had acquired the title from the United States; for, upon his production of that title, there would be no room for a contest as to the right to the possession, and the law would not require of him the vain act of the surrender of the possession, when he would be entitled to its immediate restoration.

The evidence showing that the defendant had entered the land under the Homestead Act was, in my opinion, admissible, and I, therefore, concur in the judgment.

CROCKETT, J., also delivered the following opinion, in which SPRAGUE, J., concurred :

The case shows that the plaintiff was in possession of one hundred and sixty acres of vacant public land, with some improvements thereon; that whilst so in the actual possession, he sold his claim and possession to the defendant for $800, payable in cord wood, to be thereafter delivered; that the defendant executed and delivered to the plaintiff his written covenant to deliver the wood within a stipulated time; that the defendant entered under his purchase, and has ever since been in possession, but has failed to deliver the wood, except a small portion thereof. The complaint avers that before suit was brought, the plaintiff demanded of the defendant possession of the premises, which demand was refused; and that the value of the use and occupation of the land was $250 for the time the defendant has occupied it. The plaintiff offers in the complaint to deduct from this sum the value of the wood which was delivered, and prays

for a judgment of restitution of the possession and for damages.

The answer avers that at the time of the purchase it was unsurveyed public land of which the plaintiff was in possession, "under and by virtue of a possessory right simply, and thereby was entitled to the possession thereof, and not otherwise;" that the plaintiff sold to the defendant all his right, title and interest in and to the land and improvements, and "delivered and abandoned the same to him for the sum of $800," in payment of which the plaintiff took from the defendant the covenant referred to; and "that said plaintiff sold, delivered and abandoned said land and improvements thereon to him as aforesaid, and that he entered upon the same in pursuance of such sale and delivery and abandonment, and has ever since occupied and improved the same." The answer then avers that "in pursuance of the suggestion and advice of said plaintiff so to do, before that time given," the defendant afterwards entered the land as a homestead, under the laws of the United States, and has ever since held and occupied it under that title.

The cause was tried before a jury, which rendered a verdict for the plaintiff; but with a clause in the verdict to the effect that the defendant was entitled to a credit for thirty-five cords of wood, at $5 33⅓ per cord.

On this verdict judgment was entered for the plaintiff for the possession and restitution of the land, "upon the payment to said defendant by said plaintiff of the sum of $186 67, less his costs and expenses herein expended, taxed at $94;" but the judgment contains no provision for the surrender and cancelling of the defendant's covenant to deliver the wood.

In the progress of the trial, the defendant testified in his own behalf, and, amongst other things, deposed as follows: "He (plaintiff) was not to give me any deed. I asked him about a deed, and he said it was unnecessary, since I could get my title to the land under the homestead laws of the United States. He told me this when I gave him the note in the spring of 1865." This was the only evidence offered by the defendant tending to prove the allegation of the

answer that the defendant entered the land as a homestead, "in pursuance of the suggestion and advice" of the plaintiff; and this was denied by the plaintiff on his examination in rebuttal. The defendant also offered to prove that, at the time of his purchase from the plaintiff, the land was unsurveyed public land of the United States; that it was subsequently surveyed by the Government; that the defendant then was, and ever since has been, qualified and competent to enter the land as a homestead, under the laws of the United States; that he did so enter it, and has ever since been, and now is, in possession under said homestead claim. On the objection of the plaintiff, this proof was excluded by the Court, and this ruling is assigned as the chief error on this appeal. But, in my opinion, the ruling was proper. The general rule is, that a purchaser entering under his purchase, must restore the possession to his vendor, before he will be allowed to set up, as against him, an after-acquired title, or to show that a better title is outstanding. He must first place the vendor in *statu quo,* before he will be allowed to deny or assail his title. He is estopped, in that respect, for the same reason, and to the same extent, that a tenant is estopped to deny the title of his landlord. The reason of the rule is, that it would be a fraud on the vendor in the one case and on the landlord in the other, if the vendor or tenant, who enters in subordination to the title, was permitted to retain the possession, whilst he denies the title under which he entered. Good faith and fair dealing demand that he should restore the possession, before he will be permitted to gainsay the title under which he obtained the possession. It is conceded on all sides, that the general rule is as stated above. But it is claimed that the rule does not apply to this case, because the land in contest was public land, to which the plaintiff, confessedly, had no title, and that when he sold his claim and possession to the defendant, it was with the plain intention, on both sides, that the defendant might thereafter acquire the title of the Government; that the main object of the transaction was to place the defendant in a position which would *enable* him to acquire the title;

and in acquiring it, he has only exercised a right which was in the contemplation of the parties, and within the scope and spirit of the contract of sale; that the sale was only of the *possession* of the plaintiff, and not of the title, or any alleged title of the plaintiff; and that it would be a fraud on the defendant to compel him to restore to the plaintiff a possession which he surrendered to the defendant for the very purpose of enabling him to acquire the true title.

However plausible this argument may appear, it will be found, on examination, to be more specious than sound. The plaintiff's possession was lawful as against every one except the Government; and was protected by law as against all the world, except the United States or its grantee. It was *property*, subject to taxation, and having an intrinsic money value. The plaintiff had expended his money in improvements on the land, thereby adding to its value; and for aught that appears in the record, if he had retained the possession, might have either pre-empted it, entered it as a homestead, as the defendant has done, or located it with a school land warrant. If he had done neither, or was not qualified to take it up, either as a pre-emption or homestead claim, he could, at least, have sold his possession and improvements for their value in the market, either for cash, or to some purchaser who would not have refused to pay for them, as the defendant has done. In surrendering his possession and improvements to the defendant, he surrendered something that had an actual, intrinsic money value, and deprived himself of the opportunity he might otherwise have had, by means of his possession, to acquire the ultimate title from the United States. It would operate as a gross fraud on the plaintiff, under these circumstances, to permit the defendant, while refusing to pay the purchase money, to retain the possession of the land. The general rule, applicable to such transactions between vendor and vendee, applies in its full force, and without qualification, to this case. The defendant cannot gainsay the plaintiff's right to the possession until after he has placed him *in statu quo*. Nor is there any force in the suggestion that it was in the contemplation of the parties, and within the scope of the

contract, that the defendant was to be at liberty to acquire for himself the title of the Government. It was doubtless understood between them that, *on paying the purchase money to the plaintiff*, the defendant might acquire the title for himself; and it may safely be conceded 'that the sale to the defendant was made for the express purpose of enabling him to secure the ultimate title. But there is not the slightest ground for the inference that the defendant was to have this right, except on the condition that he first paid the purchase money to the plaintiff. He has not performed this condition, and his relations to the plaintiff, and to the land are precisely those of any other vendee who enters under a contract to purchase, and, while refusing to pay the purchase money, seeks to assail the title of the vendor, without restoring the possession.

It is well settled that a vendee entering under a contract of purchase, may, as a general rule, resist an action by the vendor for the possession, by showing that the vendor's title has ceased; as, for example, that he held only a lease for years, or for life, which has expired; or that his title has been extinguished by a voluntary or forced sale. But, in this class of cases, the defense is permitted, on the ground that without fault or fraud on the part of the vendee, the title of the vendor has either ceased or been extinguished; so that he has no cause to complain that the vendee withholds a possession to which the vendor has no just right, as between themselves. But, in my opinion, this principle has no application where the sale is only of a possessory claim to public land, to which the vendee well knew the vendor had no other title, and where the object of the sale was to place the vendee in a position to acquire the title from the Government, provided he first paid the purchase money due to the vendor. The vendor had no *title* to cease or be extinguished. It is a misapplication of terms to say that his title has ceased, when it is admitted he never had title. But he had a *possession* which may have enabled him to acquire the title. This possession, and opportunity to acquire title, he relinquished to the vendee, in consideration of a certain sum to be paid by the latter. Having failed to pay the consideration, which

was the condition on which he was to succeed to the vendor's rights, he should be estopped to deny that the vendor is entitled to be restored to the *possession* which he surrendered. This only, was sold or purchased; and not being paid for, the vendor is entitled to be placed in *statu quo*. If A. be in possession of a tract of land, with a right to purchase it from the true owner at a stipulated price, and if he surrender his possession and right of purchase to B., for a consideration to be thereafter paid, can B. set up as a defense, in an action by A. for the possession (the purchase money not having been paid), that he has acquired the *title* of the true owner, and that, therefore, A. is not entitled to the *possession?* I apprehend such a defense would not be permitted, for obvious reasons. After obtaining the possession and right to purchase from A., he would [not be allowed to set up, as against *him*, the title which he has thus acquired, without having paid the price in consideration of which he first obtained the possession. It would be a fraud upon A., to allow B. to use the possession obtained from A. as a means to acquire the title, and then, without his paying the purchase money, permit him to use the title to keep A. out of possession. All estoppels are intended to prevent fraud, actual or legal, and in the case supposed, it would be a manifest fraud upon A. to permit B., whilst refusing to pay the purchase money, to withhold the *possession* from A., on the ground that after entering he had acquired the title from the true owner. Before setting up title in himself, acquired in this manner, he must restore the *possession* which is fraudulently withheld. I am by no means certain that, in the supposed case, B. would not be held, in equity, to be a trustee of the legal title for the use of A.

For these reasons, I think there was no error in excluding the proof offered by the defendant.

But the judgment is erroneous, in not having required the plaintiff to surrender, for cancellation, the covenant of the defendant for the delivery of the wood; and, for this omission, the judgment should be reversed.