[S. F. No. 1425.   Department Two.—April 28, 1900.]

C. H. HAILE, Respondent, v. LYMAN SMITH, Appellant.

VENDOR AND PURCHASER—PRESCRIPTIVE TITLE OF VENDOR—OUTSTANDING RECORD TITLE—REFUSAL TO COMPLETE PURCHASE—IMPROVEMENTS—EJECTMENT.—Where a vendor had acquired a title by prescription before making a contract of sale, the fact that there remains an outstanding record title in a third person antedating the period of prescription cannot justify the purchaser in retaining the possession acquired under the contract of sale while refusing to pay the unpaid purchase money, upon tender of a deed by the vendor, notwithstanding valuable improvements made by the purchaser upon the land. He cannot keep both the land and the purchase money, and if not satisfied to complete the purchase, and take what title the vendor can give him, he must surrender the possession to the vendor.   Whatever cause of action he may have to recover back the purchase money paid, and the value of his improvements, less the rental value of the land, must be the subject of an independent action, and is no defense to an action of ejectment by the vendor.

PLEADING — VERIFICATION BEFORE DISTRICT ATTORNEY. — A district attorney has general authority to administer and certify oaths, under sections 1028, 4103, and 4118 of the Political Code, and may take and certify the verification of a pleading to be used in the superior court.

ID.—CONSTRUCTION OF CODES—PROVISION NOT EXCLUSIVE, BUT CUMULATIVE.—Section 2012 of the Code of Civil Procedure, providing that "an affidavit to be used before any court, judge, or officer of this state may be taken before any judge or clerk of any court, or any justice of the peace or notary public in this state," is not to be deemed exclusive of the power conferred by the

Political Code upon the district attorney; but the provisions of the two codes are to be deemed cumulative.

ID.—GENERAL AUTHORITY "TO ADMINISTER AND CERTIFY OATHS."—Where a general authority is given to an officer "to administer and certify oaths," that authority cannot be limited by judicial construction to particular kinds of oaths, and must be held to extend to the verification of pleadings.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

N. J. Manson, for Appellant.

A title to be good must be free from litigation and grave doubts, and should consist both of the legal and equitable titles, and should be fairly deducible of record. (*Reynolds v. Borel,* 86 Cal. 538.) The district attorney could not take a verification to a pleading to be used before the superior court. (Code Civ. Proc., sec. 2012.)

Snook & Church, for Respondent.

A purchaser may be compelled to take a title resting upon a hostile, adverse, and uninterrupted possession under color of title which is continued for a length of time sufficient to bar the rights of any possible adverse claimant. Such a title is a perfect title—a fee simple title. (*Bicknell v. Comstock,* 113 U. S. 149; *Walker v. Sedgwick,* 8 Cal. 404, 405; *Cannon v. Stockmon,* 36 Cal. 540; 95 Am. Dec. 205; *Gaines v. Jones,* 86 Ky. 527; *Grant v. Wasson,* 6 J. J. Marsh. 618; *Wade v. Greenwood,* 2 Rob. (Va.) 474; 40 Am. Dec. 759; *Bohm v. Fay,* 17 Abb. N. C. 175; *Tomlinson v. Savage,* 6 Ired. Eq. 430.) Such a title is marketable. (*Ottinger v. Strasburger,* 33 Hun, 466; *Shriver v. Shriver,* 86 N. Y. 575; *Abrams v. Rhoner,* 44 Hun, 507.) The defendant cannot retain possession under the contract while refusing to pay the unpaid purchase money, upon the tender of a deed by the vendor. (*Worley v. Nethercott,* 91 Cal. 517, 518; 25 Am. St. Rep. 209; *Rhorer v. Bila,* 83 Cal. 54; *Gates v. McLean,* 70 Cal. 42; *Walker v. Sedgwick,* 8 Cal. 398; *Jackson v. Moncrief,* 5 Wend. 26; *Marlin v. Willink,* 7 Serg. & R. 297; *Browning v. Estes,* 3 Tex. 462; 49 Am. Dec. 760; *Whiteman v. Castlebury,* 8

Tex. 441.)   The district attorney had authority under the
Political Code to take the verification.   The grant of the power
is a general one.   (*Winder v. Hendricks*, 56 Cal. 465.)

McFARLAND, J.—Action of ejectment.   Judgment went for
plaintiff, and defendant appeals from the judgment upon the
judgment-roll, which includes a bill of exceptions.

The case was here once before (*Haile v. Smith*, 113 Cal. 656),
but nothing was then decided that is controlling or important
in the present appeal.   It is averred in the complaint that on
September 24, 1891, plaintiff was the owner and in possession
of the land here involved; that on said day he and defendant
entered into a written contract for the sale of the land by the
former to the latter for three hundred and fifty dollars—one
hundred dollars to be paid at date of contract, one hundred
dollars on January 1, 1892, and one hundred and fifty dollars
January 1, 1893, which last payment was afterward extended,
by written agreement, to January 1, 1894, and plaintiff was to
be relieved from his obligations, and defendant was to forfeit
all payments already made if he failed to make any payment
within sixty days after its maturity; that under the contract
and at its date defendant was given and took possession of the
land, and has been in possession ever since; that defendant
made the first two payments, but has refused and refuses to
make the last payment, although plaintiff has tendered him a
good and sufficient deed of conveyance of the land; and that
plaintiff has demanded possession of the land, but defendant
refuses to comply with said demand and unlawfully withholds
possession thereof from plaintiff.   The defendant filed an an-
swer and a cross-complaint, and the court originally sustained
a demurrer to each; and on the former appeal the judgment
for plaintiff was reversed because the court below erroneously
sustained these demurrers.   The defendant in his pleadings, re-
ferring to said contract, had averred that "he has faithfully per-
formed all the agreements therein to be performed by him,"
and that "before the date of the alleged tender of a deed by
plaintiff he had tendered to the plaintiff the full amount of the
last payment and demanded the conveyance of the land accord-
ing to the agreement, but that the plaintiff had refused to
comply therewith, and that he had ever since been ready," etc.,

to do so; and it was merely held that "these allegations presented a defense to the plaintiff's complaint, and raised issues of fact which should have been tried before a judgment could be rendered in the action."

After the return of the *remittitur* plaintiff filed an answer to the cross-complaint, and the court tried the issues raised by the pleadings. The court found that the plaintiff tendered to defendant a deed of grant, bargain, and sale of the land properly executed, and that defendant refused to accept it, and notified plaintiff that he would not accept such a deed because the title of the plaintiff was not good or satisfactory; and "that at no time has said defendant paid, but that he has failed and refused to pay, the balance of the purchase money and the interest due upon said agreement or any part thereof, or to accept plaintiff's said deed of grant, bargain, and sale." These findings are, beyond doubt, fully sustained by the evidence, except, perhaps, as to some interest. The court further found that at the time of the contract plaintiff was "the owner and seised in fee and possessed and entitled to the possession" of the land here involved; but it further found "that plaintiff's title to said premises consisted of and depended upon the un-disputed, continuous, absolute and adverse possession of the said premises from the year 1861 until the twenty-fourth day of September, 1891, and that plaintiff has paid the taxes thereon continuously during all of said times." These findings as to the possession of plaintiff and his title by prescription are amply justified by the evidence. The court further found that ever since the tenth day of September, 1853, the "record title" to the premises "has been and is outstanding in the name of Victor Howell," and also found, as a conclusion of law, that the title of plaintiff to the land since January 21, 1891, has not been a "merchantable title." It also found that defendant has made valuable improvements on the land.

The foregoing is a sufficient statement for an understanding of the main contention of appellant—which is that the evidence and findings show that the respondent has not a good and complete title to the land, and, therefore, cannot maintain this action. His position really is that, under his view of the facts, he may indefinitely keep possession of the land while refusing

to make payment of the purchase money. But this he cannot
do. He received possession of the land from respondent under
the contract, and can retain possession only by fulfilling his
covenants which he therein made. He cannot keep both the
land and the purchase money. It is not necessary, therefore,
for the purposes of this case, to determine definitely whether
or not respondent has a good and sufficient title. If appellant
desired to retain the possession which he acquired under the
contract he should have complied with his part of it; if he con-
cluded not to comply because the title was not satisfactory to
him, he was bound to restore possession to respondent. What-
ever cause of action he may have for the purchase money which
he paid and for the value of his improvements is another mat-
ter; it constitutes no defense to the present action. In *Worley
v. Nethercott,* 91 Cal. 512, 25 Am. St. Rep. 209—we quote from
the syllabus, which is a correct summary of the decision—the
law upon this point is stated as follows: "A purchaser of land
in possession thereof under a contract of sale, by the terms of
which the vendor is to give a warranty deed of the property
conveying a good and perfect title thereto, cannot, upon the
vendor's failure and inability to convey a good and perfect title,
retain both the land and the purchase money until a perfect
title shall be offered him, but he must pay the purchase price
according to the contract, and receive such title as the vendor
is able to give if he chooses to retain the possession of the land,
or he may rescind the contract, restore the possession to the
vendor, and recover the purchase money paid, together with the
value of his improvements, after deducting therefrom the fair
rental value of the premises; and if he fails and refuses to adopt
either course, he is liable to an action of ejectment by the
vendor." (See, also, *Rhorer v. Bila,* 83 Cal. 51; *Gates v. Mc-
Lean,* 70 Cal. 42; *Walker v. Sedgwick,* 8 Cal. 398; *Salmon v.
Hoffman,* 2 Cal. 139; 56 Am. Dec. 322.) On the general merits
of the case there is nothing more calling for discussion.

2. A rather novel point is raised as to the verification of
the answer to the cross-complaint; the latter having been veri-
fied, the appellant moved to strike out the answer to it, and
objected to any evidence in support of it, on the ground that
it was not verified. The fact was that the answer was verified

before a district attorney, and the point is that there is no authority for making a verification before that officer. It is probable that few good lawyers would risk such a verification; and it is not likely that it would occur to them that an affidavit in a civil cause could be taken before a district attorney. Upon examination of the codes, however, it is not clear that such a verification is unauthorized. The provisions of the codes about taking and verifying affidavits are numerous and somewhat loose. The only case to which we have been referred which at all touches the point is *Winder v. Hendricks*, 56 Cal. 464, which is claimed by respondent to be determinative of the question in accordance with his contention, but this is, perhaps, claiming too much for that case. There the question was whether an affidavit in a probate matter was properly taken before a United States court commissioner, and the court, in holding that it was not, said: "By reference to the following sections it will be seen what officers are by the statutes of this state authorized to administer oaths, viz., sections 179, 259, 2012, and 2093 of the Code of Civil Procedure, and sections 1028, 4118, and 4103 of the Political Code. In these sections no reference is made to any officer other than to state, county, and township officers of this state." It is true that this language is quite broad, but it was only necessary for the court in that case to hold that an officer of the United States government was not included in sections of the code which referred to state and county and township officers of this state. Its attention was not called to the precise question here presented. However, an examination of the sections of the codes referred to in the opinion in the Winder case shows that general authority is given a district attorney to take and certify affidavits. For instance, section 1028 of the Political Code provides that "every executive and judicial officer may administer and certify oaths." Again, section 4118 of the same code provides that "every officer mentioned in section 4103, and every justice of the peace, may administer and certify oaths"; and section 4103 includes, among the officers therein mentioned, a "district attorney." It is argued that by these sections an executive officer, and an officer mentioned in section 4103, is given authority to administer and certify oaths only in proceedings peculiar to his own.

department or office; but while it is not improbable that this is what the framers of the code meant, still there is no such restriction in the language used, and there is no such room given for the play of construction as would warrant this court in overturning the judgment by taking that view. Neither do we think that section 2012 of the Code of Civil Procedure excludes all officers except those therein mentioned from taking affidavits to be used before a court. It provides as follows: "An affidavit to be used before any court, judge, or officer of this state may be taken before any judge or clerk of any court, or any justice of the peace or notary public in this state." It is not confined to affidavits to be used before a court or judge, but includes affidavits to be used before any other "officer of this state"; and we think that this section and all other sections of the same code on the subject, and the sections of the Political Code above cited, and the various sections in the codes mentioned in *Winder v. Hendricks, supra,* are all cumulative, and that where a general authority is given an officer to "administer and certify oaths" that authority cannot be limited by judicial construction to particular kinds of oaths. Our conclusion, therefore, is that the court did not err in refusing to strike out the answer. It would, perhaps, be more orderly and better if the taking of affidavits to be used in civil cases were confined to those officers to whom lawyers generally go for that purpose, but such a change in the law can be made only by the legislature.

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.