[S. F. No. 3003. Department Two.—June 12, 1905.]

## DEMETRIO M. BRUSCHI, Respondent, v. QUAIL MINING AND MILLING COMPANY, Appellant.

EJECTMENT—UNILATERAL CONTRACT—POSSESSION UNDER OPTION TO PURCHASE—BREACH OF CONDITIONS—RIGHT OF RECOVERY—TENDER OF DEED UNNECESSARY.—Where the corporation defendant took possession of mining and timber lands of the plaintiff, under a unilateral contract giving it the mere option to purchase the same upon conditions, upon breach of which the possession must be restored to plaintiff, any sums paid being deemed compensation for use and occupation, it is not necessary in order to a recovery in ejectment for such breach to tender a deed to the corporation defendant.

ID.—RESCISSION INAPPLICABLE.—The claim of the plaintiff being that by the fault of the defendant the contract for the option was terminated, no question arises about the duty of a party seeking to rescind a contract.

ID.—ORAL DEMAND FOR POSSESSION—FUTILITY OF DEMAND.—A demand made orally upon one whom the holder of the option had put in possession with directions to hold the same and to resist the attempt of any person to take possession was sufficient, if any demand was at all necessary under the circumstances of the case, in which it appears that any demand would have been futile.

ID.—IMMATERIAL QUESTION AS TO TITLE.—The question whether the plaintiff could have conveyed a good title to the timber land if the option had been complied with is immaterial in the action of ejectment for breach of the conditions of the option. The defendant

could not indefinitely keep possession of the land, while refusing to pay the purchase money.

ID.—SUPPORT OF FINDING—TENDER OF LAST PAYMENT—ABSENCE OF SPECIFICATION.—Where a finding that no tender was made by the defendant of the last payment required is supported by the evidence, and is not assailed by any specification of insufficiency of the evidence to support it, an objection that the evidence is not sufficient cannot be sustained upon appeal.

APPEAL from a judgment of the Superior Court of Mariposa County. John M. Corcoran, Judge.

The facts are stated in the opinion of the court.

Leon Samuels, and J. J. Trabucco, for Appellant.

J. B. Curtin, and Congdon & Congdon, for Respondent.

McFARLAND, J.—This is an action to recover possession of certain mining claims, and some timber land, alleged to be held without right and forcibly detained by defendant. The case was tried without a jury. The court made findings, and rendered judgment for plaintiff; and from the judgment the defendant, the Quail Mining and Milling Company, appeals.

The litigation arises out of a written contract between respondent and appellant, executed on May 31, 1899. By this contract respondent agreed to sell to appellant the premises described in the complaint upon certain named conditions. The appellant did not agree to buy; the contract merely gave to it an option to purchase upon compliance with the named conditions. The conditions were substantially these: Appellant was to make certain payments at stipulated times, and was to make the final payment of $8,500 on December 8, 1899. It was provided that upon the execution of the contract appellant was to be let into possession of the premises, and was to have the right, "during the life of this contract," to prosecute and develop the said mining claims; and it was provided that the appellant "shall be required to commence the work of prospecting and developing at least one of the mining properties hereinabove described within thirty days from the delivery hereof, and it shall thereafter, during the life of this agreement, continue to prosecute said

work with reasonable diligence, except when interrupted by accidents or unavoidable circumstances"; and that "all improvements and machinery placed in or upon said property by the party of the second part [appellant] shall be deemed affixed to the soil and shall become a part thereof." The contract further provides as follows: "It is hereby expressly agreed that should the party of the second part fail to commence the work of prospecting and developing at least one of said properties within thirty days from the date of the delivery of this agreement, or should it thereafter fail to prosecute said work with reasonable diligence except when interrupted by accident or unavoidable circumstances, or should it fail to pay the purchase price of said property, or any part thereof, at the time the same or any part thereof becomes due and payable as aforesaid, or should be guilty of a breach of any of the terms, covenants or conditions of this agreement, then and in that event, or either of said events, this agreement shall at the option of the party of the first part terminate and end, and any and all payments made on account hereof, together with any and all improvements and machinery placed in or upon said properties by the party of the second part shall be deemed a payment for the use and occupation of said premises, and the same shall thereupon belong to and become the property of the party of the first part."

The appellant entered into possession of the premises under the said contract, and did work in prospecting and developing the mines until December 11, 1899; but after the last-named date it discontinued work and did no more work between that date and the time of the trial. It made all payments due before December 8, 1899, but did not make the payment of $8,500 due on said December 8th. The time for said last-named payment was extended by respondent to January 7, 1900; but on the last-named date the defendant did not pay said $8,500, or any part of it, and never paid the same or any part thereof. Appellant, however, forcibly kept possession of the premises and prevented respondent from entering into possession thereof. The foregoing facts are either admitted or found by the court upon sufficient evidence.

Appellant contends that the judgment is erroneous because

respondent did not tender a deed of conveyance of the premises. But respondent was not demanding the unpaid purchase money—he had no right to demand it, for appellant had never promised to pay it; nor was he making any demand the validity of which depended on a previous tender of deed. The contract, so far as the relation of vendor and vendee is concerned, is unilateral; respondent was bound to sell upon certain conditions, but appellant was not bound to buy upon any condition—it had merely an option to purchase by complying with certain conditions if it finally concluded to do so. Nor do any questions arise here about the duty of a party seeking to rescind a contract. Respondent is not seeking to rescind the contract; his claim is that there is an end to the contract in question, and therefore an end to appellant's right of possession. Therefore, the cited cases to the effect that where a vendor seeks to recover purchase money, or some other thing similar to that in character, he must tender a deed, are not here applicable. A tender of a deed by respondent was not, therefore, necessary to the maintenance of this action.

Appellant specifies that there is not sufficient evidence to support the finding that respondent demanded possession of the premises before the suit was brought; but there is express evidence that such demand was made orally on one R. E. Harold, and that Harold was put into possession of the premises by appellant and directed to hold the same and resist the attempt of any person to take possession. Such demand was sufficient under the circumstances of this case—if, indeed, any demand at all was necessary. Moreover, it appears that any demand would have been futile.

Appellant contends that respondent could not have conveyed a good title to the piece of timber land which was to have been sold with the mine, and specifies that there was not sufficient evidence to sustain the facts found in finding five which showed that he could have given such title. There was, however, sufficient evidence to support that finding; but that matter is immaterial, for appellant could not indefinitely keep possession of the land while refusing to pay the purchase money. As was said in *Haile* v. *Smith,* 128 Cal. 415, 60 Pac. 1032: "If appellant desired to retain the possession which he acquired under the contract he should have com-

plied with his part of it; if he concluded not to comply because the title was not satisfactory to him, he was bound to restore possession to respondent. Whatever cause of action he may have for the purchase money which he paid and for the value of his improvements is another matter; it constitutes no defense to the present action."

It is argued in appellant's brief that the finding of the court that a tender of the last payment of $8,500 was never made is not supported by the evidence. In answer to this contention it is sufficient to say that there is in the bill of exceptions no specification, nor any attempted specification of the insufficiency of the evidence to support that finding. We may say, however, that if that question could be reviewed here the evidence amply warrants the finding that the tender was not made.

There are no other points which call for special notice. We see no reason for reversing the judgment.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.