[Civ. No. 4840.   Second Appellate District, Division One.—May 18, 1927.]

MARY RANDOLPH, Appellant, **v.** FREDERICK W. WISE et al., Respondents.

[1] VENDOR AND VENDEE—CONTRACT—FAILURE OF VENDOR TO TENDER DEED—VENDEE IN POSSESSION—EJECTMENT.—An action in ejectment by a vendor against a vendee in possession will not lie where the vendor agreed to sell the premises for a specified sum and to execute and deliver a good and sufficient deed of grant, bargain, and sale therefor, and at no time offered to comply with the terms of the agreement by tendering a deed for the premises to be conveyed; and not having first offered to comply with the contract by offering to perform the same, the vendor did not put the vendee in default by demanding possession of the premises.

[2] ID.—EJECTMENT—WRITTEN CONTRACT—TITLE—PAROL EVIDENCE.—In an action in ejectment brought by a vendor against a vendee in possession, the parties having entered into a written agreement wherein the vendor agreed to convey the premises, and the vendee agreed to buy, and pay the consideration through a title company, upon delivery of an acceptable certificate showing a clear title, the trial court did not err in excluding testimony offered

---

1. Tender of deed as condition precedent to action of ejectment by vendor, note, 107 Am. St. Rep. 725. See, also, 9 Cal. Jur. 1038; 25 Cal. Jur. 660, 784; 9 R. C. L. 863; 27 R. C. L. 621. Right of vendor to maintain action of ejectment where vendor not in default, note, 20 Ann. Cas. 353.

by the vendor to the effect that prior to the making of said written agreement both the vendor and vendee had received notice that the title company refused to issue a certificate.

---

(1) 39 Cyc., p. 1893, n. 37. (2) 22 C. J., p. 1102, n. 97.

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael J. Roche, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

John C. Miles and Donald R. Peck for Appellant.

Melville P. Frasier for Respondents.

McLUCAS, J., *pro tem.*—Action in ejectment. Plaintiff appeals from an order granting defendant's motion for a nonsuit.

It appears from the evidence that plaintiff was the owner of an interest in certain real property held in the possession of the defendant. The property was conveyed by deed to the plaintiff, a married woman. On June 17, 1921, plaintiff entered into a written agreement wherein plaintiff agreed to sell lot 6, block 7, of C. S. Miles' Addition to Huntington Park, for the sum of $950, and to execute and deliver a good and sufficient deed of grant, bargain, and sale therefor. Plaintiff's husband having disappeared, she was unable to secure his signature to the deed and could not deliver title on which the title company would issue a certificate. On February 23, 1922, plaintiff was granted a decree of divorce, the court holding that the property involved was community property, and awarding the plaintiff an undivided one-half interest therein. Defendant paid no part of the purchase price of $950, but remained in possession of the property, having made some improvements thereon after plaintiff had deposited with defendant the sum of $300 as a guaranty that she would give clear title. Some time during the fall of 1922, defendant tendered to plaintiff's attorney one-half of the contract price of the property for a deed to a one-half interest in the property. This offer was not accepted. Plaintiff served upon defendant a written notice demanding possession of the premises

and offering to allow defendant any offsets or credits to which he might be entitled to the extent of $300, any additional claims to be submitted to her attorney. Plaintiff at no time offered to comply with the terms of the agreement by tendering a deed for the premises to be conveyed. Defendant neither rescinded the contract nor offered to carry out the terms of the contract by offering to pay plaintiff the sum of $950 and accepting such title to the property as she was able to give. Instead, he offered her the sum of $475 for her half interest in the property and refused to give up possession of the property to the plaintiff.

[1] Appellant's first contention is that the court erred in holding that the evidence introduced by plaintiff failed to make out a cause of action in ejectment, citing cases which hold as follows: A purchaser of land in possession thereof under a contract of sale by the terms of which the vendor is to execute and deliver to the vendee a good and sufficient grant, bargain, and sale deed to the property, together with an acceptable certificate of title showing the property to be free and clear of all encumbrances, cannot, upon the failure to convey a good and perfect title, retain both the land and the purchase money until a perfect title shall be offered to him. He must pay the purchase price according to the contract and receive such title as the vendor is able to give, if he chooses to retain the possession of the land. (*Luther* v. *Clark,* 58 Cal. App. 59 [207 Pac. 1033] ; *Garvey* v. *Lashells,* 151 Cal. 526 [91 Pac. 498] ; *Haile* v. *Smith,* 128 Cal. 415 [60 Pac. 1032] ; *Worley* v. *Nethercott,* 91 Cal. 512 [25 Am. St. Rep. 209, 27 Pac. 767].) If a perfect title was to be conveyed and the vendor is unable to give such a title, the vendee has appropriate remedies; but he cannot keep both the property and the purchase money. (*Garvey* v. *Lashells, supra.*) Under such a contract, if the vendee surrenders possession he may recover the value of his improvements, after deducting the fair rental value of the land. (*Haile* v. *Smith, supra; Worley* v. *Nethercott, supra; Garvey* v. *Lashells, supra.*) If the vendee fails and refuses to pay the purchase price, or to rescind the contract and restore the possession to the vendor, he is liable to an action in ejectment by the vendor. (*Garvey* v. *Lashells, supra; Haile* v. *Smith, supra.*) The foregoing rules are well settled, but under the proof plaintiff is not entitled to the benefit of

these rules. In all of the above cases the plaintiff had
tendered a deed before suit brought. In the instant case,
if the plaintiff had tendered a deed to defendant before
suing in ejectment, the action would lie. Not having first
offered to comply with the contract by offering to perform
the same, plaintiff did not put the defendant in default by
demanding possession of the premises. Defendant would not
be in default for failure to pay the purchase price until
plaintiff had first offered to comply with the contract by
tender of deed. If defendant had refused the deed so
tendered, then under the authorities defendant must either
pay the purchase price according to the contract or sur-
render possession. But here no deed was tendered and de-
fendant was entitled to remain in possession until plaintiff
offered to comply with the contract.

[2] Appellant insists that the court erred in refusing to
allow plaintiff's witnesses to testify to transactions and con-
versations had prior to the execution of the contract on June
17, 1921, on the ground that parol evidence is admissible to
show the situation of the parties and the circumstances sur-
rounding the execution of the instrument. Plaintiff offered
to show that the deal between plaintiff and defendant had its
inception in January, 1921; that escrow instructions were
placed with the title company during the latter part of
January, 1921; that the plaintiff received word from the
title company that they would not issue a certificate of title
to the property, and that she was the owner of but an un-
divided one-half interest therein; that the plaintiff imme-
diately communicated this fact to defendant. The trial court
sustained defendant's objection to this testimony. We find
no error in this ruling, since, notwithstanding the fact that
both plaintiff and defendant, according to this offer of proof,
had received notice that the title company refused to issue
a certificate, yet subsequently they entered into the written
contract received in evidence, which provided for a convey-
ance of the property from plaintiff to defendant and wherein
plaintiff agreed to sell and convey and defendant agreed to
buy the premises; the consideration to be paid through the
title company, upon delivery to them of an acceptable certifi-
cate of title showing the title to be vested in the defendant
as trustee, free and clear of all encumbrances. We fail to
see how the testimony offered could have affected the absolute

liability of the plaintiff under the terms of the contract of June 17, 1921; and if such testimony had been received, it would not have affected the decision, there being no allegation of mistake or fraud in the complaint. Such testimony would not have assisted the court in determining the intention of the parties, which is so clearly stated by the instrument itself.

It is ordered that the judgment be affirmed.

Conrey, P. J., and York, J., concurred.