[Civ. No. 3900. Second Appellate District, Division One.—May 31, 1922.]

SIDNEY LUTHER, Respondent, v. STEPHEN A. D. CLARK et al., Appellants.

[1] VENDOR AND VENDEE—INABILITY TO CONVEY PERFECT TITLE—ACTION BY VENDOR—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action by a vendor under a contract of sale to compel the vendee to either accept such title as the plaintiff can convey or accept a return of the deposit and restore possession, the complaint is not subject to general demurrer on the ground of failure to allege a valid reason excusing plaintiff from conveying a perfect title, where it appears therefrom that a third party has a right of way across the property for a pipe-line through which it conducts water for a public use and that it refuses to relinquish such line.

[2] ID. — VENDEE IN POSSESSION — INABILITY OF VENDOR TO CONVEY PERFECT TITLE—DUTY OF VENDEE.—A vendee in possession under a contract of sale cannot, upon the vendor's inability to convey a title free and clear of encumbrances as required by the contract, retain both the land and the money until a perfect title shall be offered him, but he must pay the purchase price according to the contract and receive such title as the vendor is able to give him if he chooses to retain possession of the property.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Franklin Baxter for Appellants.

Muhleman & Crump for Respondent.

SHAW, J.—It appears from the complaint herein that plaintiff is the owner of certain real estate described therein, the net area of which is 7.521 acres, which property is, and at all times mentioned was, subject to an easement and right of way across the same for a pipe-line owned by the

2. Measure of damages on breach of contract to sell land due to vendor's inability to make title, notes, 106 Am. St. Rep. 963; 2 Ann. Cas. 634; Ann. Cas. 1917B, 858.

Right of grantee in possession to question right of grantor to collect purchase money, note, 21 L. R. A. (N. S.) 363.

Hermosa Beach Water Corporation for the conveyance of water for public use; that plaintiff acquired title to said property from one Henry Krotzer, who, prior to plaintiff's acquisition thereof, had executed a contract for its sale to Stephen A. D. Clark. By the terms of the contract, dated June 11, 1912, Krotzer agreed that the tract of land consisted of eight acres and was free and clear of all easements or encumbrances whatsoever, and that the purchase price to be paid by Clark was $500 per acre, net measurement, and that he would furnish the purchaser with an unlimited certificate of title by the T. I. & T. Co. of Los Angeles, California, showing measurement of the land, names and width of streets and roads touching the same, and a perfect title. The terms of payment were $50 cash, the balance to be paid as follows: $950 on or before September 1, 1912; $600 on or before March 1, 1913, and $2,500 on or before September 1, 1913; the last two payments to be evidenced by promissory notes secured by a mortgage upon the property. It provided further that Clark should have immediate and full possession of the land; that the conveyance should be by grant deed, and that Clark and his wife should, within five days after the certificate as provided was written, place in escrow the mortgage to secure the last two payments, and complete the cash payments September 1, 1912. It further provided, that should any defect appear in the title that could not be removed to the satisfaction of Clark, then, at his option, all payments made should be returned to him. It is alleged that Clark made the $50 cash payment referred to, went into possession of the property about June 11, 1912, and has at all times since been and now is in possession thereof; "that plaintiff has heretofore attempted and endeavored to obtain a release of the easement and right of way of the Hermosa Beach Water Corporation over and across said property, and to obtain an unlimited certificate of title from the Title Insurance and Trust Company, referred to in said agreement as the 'T. I. & T. Co. of Los Angeles, California,' showing the measurement of the land, names and width of all streets and roads touching the same, and a perfect title as provided in said contract, but said Hermosa Beach Water Corporation has refused and does refuse to consider any proposition to relinquish said ease-

ment and right of way owned by them, and said Title
Insurance and Trust Company has refused and does refuse
to issue such unlimited certificate of title, stating that it is
impossible for it to do so in accordance with said contract;
that plaintiff is unable to have said easement and right
of way removed or said certificate of title issued through no
fault of plaintiff or of said Henry Krotzer," who executed
the contract and subject to which plaintiff acquired title
to the property and the rights of Henry Krotzer therein;
and further, "that plaintiff is unable to comply with the
terms of said contract on his part; that plaintiff is willing
to and does hereby offer to restore to defendants everything
of value which plaintiff has received under said contract,
and hereby tenders unto defendants said sum of Fifty
($50) Dollars, being the first payment on the purchase
price of said land under said contract as alleged''; that
defendants have refused, and do now refuse, to receive back
said payment of $50 and cancel said contract and restore
possession of the property to plaintiff, or to accept such
title as plaintiff is able to convey, which title plaintiff
hereby offers to convey, with a reduction in the purchase
price proportionate to the difference between eight acres
and 7.521, as provided in said contract, but insist upon
and do retain both the balance of the purchase price of
said land and the possession thereof.

The prayer of the complaint is that defendants be re-
quired to either accept such title as plaintiff can convey
and pay the purchase price thereof as agreed, or to accept
back the sum of $50, paid by Clark to plaintiff's predeces-
sor, Henry Krotzer, and cancel said contract and restore
possession of the property to plaintiff; and in case of their
refusal so to do, that said contract by decree of court be
canceled, annulled, and declared to be of no effect, and
that plaintiff's title be quieted against defendants and that
he be let into immediate possession of the property.

By their answer defendants denied that plaintiff, as al-
leged, was unable or had endeavored to comply with the
contract by obtaining a release of the easement and right
of way of the Hermosa Beach Water Corporation over and
across said property, or that he had endeavored to or was
unable to obtain an unlimited certificate of title from the
Title Insurance and Trust Company, referred to in said

agreement as the T. I. & T. Co. of Los Angeles, California, as provided in said contract, or that said T. I. & T. Co. has refused to issue such certificate of title, or has stated that it was impossible for it to do so in accordance with said contract; and further alleged that since the commencement of the action defendant George T. Clark had purchased from defendant Stephen A. D. Clark all of his right, title, and interest in and to said contract and the land described therein.

Upon these issues the court found that plaintiff was the owner of and entitled to possession of the property, the area of which was as alleged in the complaint; that it was at the time of the execution of the contract and ever since had been and was subject to an easement or right of way for a pipe-line across the southwest corner thereof in favor of the Hermosa Beach Water Corporation, as well as to other public easements for street and highway purposes; that defendants claim an interest and title in the property by virtue of said contract so executed by Henry Krotzer to Stephen A. D. Clark on June 11, 1912; that plaintiff has attempted and endeavored to obtain a release of the easement and right of way of the Hermosa Beach Water Corporation over and across the property, but that said corporation has refused to and does refuse to relinquish said easement or consider any proposition for the release thereof, and said Title Insurance and Trust Company refuses to issue an unlimited certificate of title, stating that it is impossible for it to do so in accordance with said contract; that plaintiff, without his fault or that of Henry Krotzer, has been and is unable to have said easement and right of way removed or said certificate of title issued, and is unable to fully comply with the terms of said contract on his part, but is willing and offered in open court at the trial of this cause to restore to defendants everything of value which plaintiff or his assignor received under said contract, and in open court at the trial tendered to defendants a grant deed conveying the property, subject only to the encumbrances aforesaid, which plaintiff has been unable to have removed, and offered to reduce the purchase price thereof in proportion to the difference between eight acres and 7.521, as provided in said contract, but that defendants, and each of them, have at all times refused to exer-

cise the option to receive back said payment of $50 and
cancel said contract and restore to plaintiff possession of
the property, or to accept such title as plaintiff is able to
convey, but insist upon, and do retain the balance of the
purchase price of said land and the possession thereof;
"that defendants in open court at the trial of this cause
unqualifiedly refused to accept a deed to said property sub-
ject to any easement or right of way for a pipe-line across
said land, or anything other than a perfect title." And as
a conclusion of law the court found that defendants, and
neither of them, had any interest or estate whatever in or
to said premises or any part thereof; that they be debarred
from asserting any claim to said land, and that plaintiff
was entitled to the possession thereof. Final judgment fol-
lowed as prayed for in the complaint, from which de-
fendants have appealed.

[1] Appellants insist the complaint is insufficient in that
no valid reason is alleged excusing plaintiff from conveying
a perfect title and furnishing the certificate of the T. I. &
T. Co. showing such condition of the title, and hence the
court erred in overruling the general demurrer interposed.
There is no merit in this contention. It appears from the
complaint that the Hermosa Beach Water Corporation had
an interest in the property, to wit, a right of way across
the same for its pipe-line, through which it conducted
water for a public use, which fact, since it is obvious that
one cannot convey a perfect title to real estate which he
does not own, was a sufficient excuse for plaintiff's failure
to comply with his contract. Assuming a duty devolved
upon plaintiff, under the terms of his contract, to clear the
land from such burden, he alleges and proves by competent
evidence that he has in good faith endeavored to obtain
from said corporation a release of the easement and right
of way, and that it has refused to relinquish the same
or entertain any proposition therefor, by reason of which
fact he has been unable to obtain a certificate showing a
perfect title. Since in our opinion the complaint was suf-
ficient as against the general demurrer, it follows that the
court did not err in denying defendant's motion for judg-
ment on the pleadings, based upon the fact that the com-
plaint did not state a cause of action, nor in overruling
their objection to the introduction of evidence thereunder.

It appears that the court at the close of the trial gave its decision in favor of plaintiff and ordered a final judgment entered, of which fact appellants complain. The evidence clearly shows that, as found by the court, defendants without qualification announced in open court that they would not accept the purchase of the property, nor pay for the same, until the property was free from the rights of the Hermosa Beach Water Corporation and the delivery to them of a certificate showing such fact, as called for by the contract, which was a condition impossible of performance under the circumstances shown to exist. In response to the question asked by the court, "You won't accept a deed so long as that easement remains?" defendants replied, "That is right," to which the court said: "That being the case, there is no occasion to enter an interlocutory judgment. The defendant says he will not accept the offer [of the deed tendered in open court], and the judgment will be—" After some further colloquy, the court asked: "No point is made, Mr. Baxter, that these deeds do not run to the persons to whom you would have them run? Mr. Baxter: No, only they do not satisfy us and we won't accept them. The Court: Very well. Judgment will be for the plaintiff." It is apparent that upon these facts defendants are in no position to complain because of the failure of the court to enter an interlocutory judgment extending the time within which defendants should pay the purchase price of the property. To do so under the circumstances would have been a futile act and no purpose could be served thereby.

The fact, as stated by appellants, that after the decision defendants, by a letter to plaintiff, offered to accept the deed and pay the purchase price, is immaterial, for the reason that it was a private communication and no part of the proceedings at the trial. It constitutes no part of the record and cannot be considered as affecting the judgment. While appellants claim that before the judgment was entered they made a motion before the court to be permitted to pay the purchase price, the record contains nothing whatsoever in relation thereto.

[2] Upon the findings, added to which, as shown by the evidence, is the fact that during the ten years that defendants had the use and occupation of the property plaintiff was compelled to and did pay all the taxes, it would

be difficult to conceive of a more inequitable position than that assumed by them. Their contention is that they may indefinitely keep possession of the property so received from the vendor and refuse to make payment of the purchase price; in other words, that they may keep both the property and the purchase money. They have refused to pay anything or comply with their part of the contract, save and except when plaintiff can convey a clear title, which, under the circumstances, he can never do, for the reason that another party owns an outstanding interest and title in the property; hence a conveyance in accordance with the terms of plaintiff's contract is impossible. As said in *Garvey* v. *Lashells,* 151 Cal. 526 [91 Pac. 498]: "A purchaser cannot retain possession of property delivered to him under a contract of sale without complying with the terms of the contract as to payment for the reason that the title of his vendor is not satisfactory. If a perfect title was to be conveyed, and the vendor is unable to give such a title, the vendee has appropriate remedies, but he cannot keep both the property and the purchase money." In *Haile* v. *Smith,* 128 Cal. 415 [60 Pac. 1032], the court, supported by *Worley* v. *Nethercott,* 91 Cal. 512 [25 Am. St. Rep. 209, 27 Pac. 767], states the rule to be that "a purchaser of land in possession thereof under a contract of sale, by the terms of which the vendor is to give a warranty deed of the property conveying a good and perfect title thereto, cannot, upon the vendor's failure and inability to convey a good and perfect title, retain both the land and the purchase money until a perfect title shall be offered him, but he must pay the purchase price according to the contract, and receive such title as the vendor is able to give if he chooses to retain the possession of the land."

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 27, 1922.

All the Justices concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.