[Civ. No. 1772. Third Appellate District.—February 20, 1918.]

## O. B. LEFURGEY et al., Respondents, v. J. A. PRENTICE et al., Appellants.

PLACE OF TRIAL—CONTRACT FOR SALE OF CORPORATE STOCK—RECOVERY OF POSSESSION OF CORPORATE PROPERTY UPON BREACH.—An action by the owner of a large majority of the capital stock of a mining corporation to compel the return to him of the possession of the real property of the corporation which was received in connection with a sale of stock from him, upon default of defendant in the payment of the price, and to have a mortgage lien wrongfully placed upon the property canceled, is a local action, and triable, under section 392, subdivision 1, of the Code of Civil Procedure, in the county where the property is situated.

APPEAL from an order of the Superior Court of Tuolumne County denying a change of place of trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

Clarke, Prentice & Kinsey, Bradley V. Sargent, and Vincent Surr, for Appellants.

J. P. O'Brien, and H. M. Anthony, for Respondents.

CHIPMAN, P. J.—This is an appeal from an order denying defendants' motion for a change in the place of trial from Tuolumne County to the city and county of San Francisco. It is not disputed that at the commencement of the action defendants Prentice and Duke had their residence in said city and county, where also was the principal place of business of the defendant corporation; the defendant Craig resided in Alameda County and the defendant Kinsey resided in San Mateo County, the two latter consenting that the cause might be transferred to the city and county of San Francisco. The question presented is whether the action was personal or local in its nature as involving real property. The complaint was filed in July, 1914; the motion to change the place of trial was denied on September 28, 1914, and the transcript on appeal was filed October 1, 1914. No briefs were filed in the case until after its transfer to this court in November, appel-

lants' brief having been filed November 20, 1917, and respondents,' January 14, 1918.

The following facts alleged in the complaint will perhaps be sufficient to indicate the character of the action: The defendant corporation was, at the commencement of the action, the owner of certain mining property in Tuolumne County and plaintiff Lefurgey was then the owner of a large majority of its capital stock, and at the time of the execution of the agreement hereinafter referred to controlled its board of directors, and by virtue of such ownership and control had the management and control of the business and property of the corporation; on February 1, 1913, Lefurgey entered into an agreement with defendant Prentice by which the former agreed to sell to the latter two hundred and forty thousand shares of his stock, and to deliver possession of the mining properties of defendant company to defendant Prentice, and to cause four out of the five directors of the corporation controlled by Lefurgey to resign and to elect in their place four other directors to be nominated by Prentice, thereby Lefurgey surrendering control of the property to Prentice. It was also agreed that Prentice should have the right to work, operate, and develop the properties and to extract and remove the minerals therefrom, provided all work was done in a good and minerlike manner, and was to be done at Prentice's sole cost and expense, and he also agreed to keep the premises and property free and clear of all liens and encumbrances. The agreement also fixed the purchase price to be paid by Prentice and the times and manner of payment, and that Prentice would arrange with other stockholders to pay them their proportion of minerals extracted from the mining property. The agreement also provided that on Prentice's failure to pay the purchase price or any part thereof when it became due and payable and he should fail to keep or perform any of the conditions of the agreement, the agreement should thereupon terminate and end, and that Prentice should immediately deliver to Lefurgey the possession of the property which he obtained under said agreement from Lefurgey and also would procure the resignation of the directors nominated and controlled by Prentice, who had theretofore been elected in place of those controlled by Lefurgey. It was also alleged in the complaint that Lefurgey delivered possession of the property to Prentice and caused four direc-

tors to resign, and to be elected in their place four directors nominated by Prentice, in accordance with the terms of the agreement, and that Prentice accepted possession of the property and control of the corporation from Lefurgey, and operated the property under such possession and control and did certain work upon the property, and then failed to comply with the conditions of the agreement which by its terms thereupon terminated and ended. That thereafter Lefurgey demanded possession of the property free of all liens and encumbrances and the resignations of the directors theretofore nominated by Prentice, all of which defendant Prentice refused to do in violation of the conditions in said agreement. The complaint also alleged that while in possession of the property under said agreement and while Prentice was in control of the corporation through the directors nominated and controlled by him, he caused a mortgage to be executed by the corporation to him for moneys expended in working and operating the property, while he was in possession thereof under the agreement, and which, by the terms of the agreement he agreed to pay as a part of the consideration for delivering possession of the property and control of the corporation to him, and it was alleged that this mortgage is fictitious and invalid and constitutes a cloud upon the title of the property. It also appears that before the commencement of the action, plaintiff Lefurgey conveyed an interest in the cause of action to his coplaintiff, Shepard.

The complaint goes into great detail in setting forth the matters of which the foregoing is a brief epitome. It was stated in the complaint that Prentice defaulted in all the progressive payments which he was to make for the purchase of the said stock; that he had involved the corporation in a large indebtedness in the course of operating the mines and had caused a note and mortgage for twenty thousand dollars to be executed by the corporation to him as covering a part of the expenditures made by Prentice in operating the mine, and contrary to the express terms of the agreement, by which he was to operate the mine entirely at his own cost and expense and keep the mining property entirely free from all liens and encumbrances.

The prayer of the complaint is that the defendant, J. A. Prentice, be required to deliver immediate possession of said premises and property to the plaintiffs. That said alleged

promissory note and mortgage be adjudged void, and that they be surrendered by the defendant Prentice and canceled. That it be adjudged that the defendant Prentice has no claim against the said Stanislaus Gravel Mining Company for moneys expended by him upon the properties while in possession thereof under the terms of the agreement set forth in the complaint, and that all alleged proceedings of the directors of said Mining Company acknowledging or admitting any indebtedness of said company to defendant Prentice be adjudged invalid and void. That defendants Craig, Kinsey, and Duke be required to resign as directors of said Mining Company. Also for judgment against the defendant Prentice for the amount of any indebtedness incurred by him while operating said properties, and which indebtedness was not paid by him, and for attorney's fees and costs and such other and further relief as may seem meet and proper.

Plaintiffs do not seek a money judgment against the defendants. The main objects of the action are, first, to compel Prentice to return the possession of the real property to Lefurgey, from whom he received the possession, and this in strict accordance with the agreement under which Prentice went into possession; second, to have the encumbrance on the real property removed which was placed on the property under Prentice's direction, for his own benefit and in violation of the agreement under which he had possession and control of the property of the corporation. It is true that the title to the property is in the corporation and that the business of the corporation is transacted through its directors. But it is alleged that Lefurgey, by reason of his owning a large majority of the shares of the corporation, did himself in fact control its acts; that in compliance with the agreement he caused his directors to resign and directors of Prentice's selection to be substituted, thus for the time passing control over to Prentice, subject, however, to the agreement that should Prentice fail to keep its covenants on his part to be performed, he would cause his directors to resign and would surrender possession to Lefurgey. Having entered into possession under Lefurgey, Prentice is in no position to deny Lefurgey's right to possession. (*Garvey* v. *Lashells,* 151 Cal. 526, 532, [91 Pac. 498].) The nature of the action is to be determined by the averments of the complaint and the nature of the relief that can be granted in the action, and not by the

probable result in a trial upon the merits. Questions raised on the demurrer such as the legal sufficiency of the complaint, whether there is an improper joinder of actions or of defendants, are matters which do not properly arise in determining the motion. Section 392 of the Code of Civil Procedure declares that the following causes must be tried in the county in which the subject of the action or some part thereof is situated: "1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property." The gist of the action here is to recover possession of the land and to have a mortgage lien fraudulently placed thereon canceled. These objects, we think, clearly characterize the action as local under section 392. The principle governing these cases is quite fully discussed in an opinion by Justice Burnett in *Robinson* v. *Williams,* 12 Cal. App. 515, [107 Pac. 705]. See, also, *Donohoe* v. *Rogers,* 168 Cal. 700, [144 Pac. 958].

The order is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 17, 1918.