[Civ. No. 5258.   Third Appellate District.—January 10, 1935.]

E. B. WYMAN et al., Respondents, v. MONOLITH PORT-
LAND CEMENT COMPANY (a Corporation), Appel-
lant.

Bordwell, Mathews & Wadsworth for Appellant.

E. B. Howell and Mark A. Hall for Respondents.

PULLEN, P. J.—This is an action brought to recover royalties from the Monolith Portland Cement Company for the use of a certain process covering the making of plastic waterproof cement.

In 1918 letters patent were issued to Hans M. Olson for a method of manufacturing waterproof cement. Olson was anxious to have this process placed upon the market, and to assist him in so doing he entered into an agreement in July, 1920, with E. B. Wyman and E. C. Meiklejohn, wherein Olson as inventor, and Wyman and Meiklejohn agreed to form a corporation, fifty per cent of the stock thereof to be issued to Olson and twenty-five per cent each to Wyman and Meiklejohn, the parties agreeing that Wyman would install a plant, or arrange with others so to do for the purpose of manufacturing and marketing the cement under said letters patent. By mutual consent no corporation was formed.

However, through the efforts of Wyman, a contract was entered into between Olson, Wyman, Meiklejohn and the United States Potash Company, later known as Monolith Portland Cement Company, the appellant herein, wherein for a consideration of five cents a barrel, the cement company was granted the exclusive right to the use of the process. Appellant proceeded under this agreement and continued so to do undisturbed over a period of years, and until the same was terminated in 1928 by the cement company in accordance with the terms of the agreement. After the execution of the agreement between Olson, Wyman and Meiklejohn and the appellant herein, Olson directed appellant to pay the royalties due, fifty per cent to himself and twenty-five per cent thereof to Wyman and twenty-five per cent to Meiklejohn. This division of royalties was carried out for a period of seven years and the payments were so made without objection by anyone until appellant, in 1928, notified respondents it would make no more payments to them.

After receipt of this notice from the cement company by Wyman and Meiklejohn no further payments were made to them, and this action was brought to collect twenty-five per cent due each of the plaintiffs for the royalties which had accrued. As a defense to this action appellants set up failure of consideration, claiming that neither Wyman nor Meiklejohn ever acquired any license rights under the Olson patent, nor had they any interest therein and therefore conveyed nothing of value to appellant.

A trial was had which resulted in a judgment in favor of the cement company. Upon motion for a new trial this judgment was set aside and judgment entered in favor of plaintiffs herein, for the amount sued for.

Upon this appeal the cement company maintains that the amended complaint fails to state a cause of action, that the findings are not supported by the evidence, that the decision is contrary to law, and that the trial court upon the motion for a new trial did not have the power to vacate the judgment entered in favor of defendant and ordered judgment for respondent.

It is alleged in the second cause of action that, "On and prior to the 29th day of October, 1920, the plaintiffs, together with one Hans M. Olson were joint owners of the

right to manufacture and sell cement under United States Letters Patent Number 1283546, issued to Hans M. Olson, on the 5th. day of November,'' etc.

█ Appellant contends that assuming that respondents were the owners of such right on the date alleged in the complaint, there is no affirmative allegation that they were the owners of such right either at the time the royalties were alleged to have accrued or on the date of the filing of the second amended complaint. Under our view of the case this is not material, although if such proof were necessary we believe the finding to that effect is amply sustained. █ The contract is executed by plaintiffs individually and the presumption is that they were owners of that which they were undertaking to convey; the letters of Olson to plaintiffs indicate an ownership in them, and the action of the parties themselves over a period of seven years is entitled to some consideration on that question. (*Woodard* v. *Glenwood Lumber Co.,* 171 Cal. 513 [153 Pac. 951].) █ However, it clearly appears from the evidence that the right of appellant, the cement company, to manufacture and sell the patented product was never revoked nor interfered with, and until appellant can show ''something in the nature of an eviction'' no cause of action arises. The allegations in the complaint, therefore, were superfluous, and whether or not it alleges ownership in respondents at the time of the filing of the complaint, was immaterial. It was not necessary for plaintiffs to either plead or prove their title, and appellant is estopped from denying plaintiffs' title unless it pleads and proves that it has failed to receive that for which it contracted.

The situation here present is somewhat analogous to an action by a landlord to recover rent from his tenant, who under such circumstances is estopped to deny the title of his landlord. (21 Cor. Jur. 1238; *Lefurgey* v. *Prentice,* 36 Cal. App. 338 [171 Pac. 1080]; *Garvey* v. *Klamath River etc. Co.,* 151 Cal. 526 [91 Pac. 498].)

The following cases support the contention of respondents that in an action to recover royalties under a license defendant cannot defend by denying the title of plaintiff ''without pleading and proving something in the nature of an eviction'', as was said in *White* v. *Lee,* 14 Fed. 789; also *McKay*

v. *Smith,* 39 Fed. 556; *Holmes, Booth & Haydens* v. *McGill,* 108 Fed. 238; *Victory Bottle Capping Co.* v. *O. & J. Mach. Co.,* 280 Fed. 753; *United States* v. *Harvey Steel Co.,* 196 U. S. 310 [25 Sup. Ct. 240, 49 L. Ed. 492]; *Potterton* v. *Condit,* 218 Mass. 216 [105 N. E. 443]; *Martin* v. *New Trinidad L. Asphalt Co.,* 182 App. Div. 719 [170 N. Y. Supp. 234]; *Marston* v. *Swett,* 66 N. Y. 206 [23 Am. Rep. 43]; Walker on Patents, sec. 355; 48 Cor. Jur., Patents, secs. 460, 461, 466.

The distinction must be borne in mind between the sale of a patent itself and the sale of certain rights or licenses thereunder. In the former situation the vendor must of course have title to that which he sells, for otherwise there is a failure of consideration, but a licensee merely acquires a use, and whether or not his vendor has title is not in issue unless and until there is some interference with the use by the licensee. (*Marston* v. *Swett, supra.*)

In the case at bar appellant has neither alleged nor proven any detriment or deprivation through plaintiffs' alleged lack of title, but it appears that for over seven years it has without hindrance exclusively used and enjoyed the process. The contract as to development of the process was entered into between Olson, Wyman and Meiklejohn, and related solely to the rights between these parties. To this agreement appellant was a stranger, the right it acquired arising by virtue of a later contract between these three parties and itself. Whatever may have been the private understanding or agreement between these three in their private internal dealings was not of its concern so long at least as plaintiffs performed their agreement and the company received that for which it bargained.

After the cement company refused to pay the royalties to plaintiffs herein, they filed an action in the federal court against the company for an infringement of the Olson patent, but upon motion to dismiss, this action was determined in favor of the cement company, the federal court holding that plaintiffs therein had failed to show any title in the patent itself. There is of course a distinction in the ownership of the patent and an assignment therein, which must be in writing, and an interest of the patentee in rights arising under a license. (Walker on Patents, 6th ed., sec.

351.) The claim of appellant, therefore, that the holding in the federal court is a bar to the present action, which was pending at the time the action in the federal court was filed, and the decision of that court was on a motion to dismiss, and not upon the merits, is unsound. It would be *res judicata* only as to an action upon the same facts and between the same parties. (*Newhall* v. *Hatch,* 134 Cal. 269 [66 Pac. 266, 55 L. R. A. 673]; *Flood* v. *Templeton,* 152 Cal. 148 [92 Pac. 78, 13 L. R. A. (N. S.) 579]; *Southern Pacific Co.* v. *Edmunds,* 168 Cal. 415 [143 Pac. 597]; *City of Los Angeles* v. *Mellus,* 59 Cal. 444.)

██ The next point urged by appellant is that the trial court had no right upon the motion for a new trial to change the findings and modify the judgment. At the conclusion of the trial, judgment was ordered in favor of defendant cement company, and thereafter findings were prepared and a judgment entered. Later, upon motion for a new trial, the court denied the motion for a new trial and vacated and set aside the judgment, findings and conclusions of law theretofore entered, and ordered judgment for plaintiffs, and prepared and filed new findings and conclusions of law and judgment in accordance therewith. This the court did under the authority granted by section 662 of the Code of Civil Procedure, and properly so if it believed the original findings and judgment were erroneous. The very purpose of the section is to permit a court to correct its own errors without incurring the delay and expense incident to a new trial or appeal.

Appellant refers to the case of *Quevedo* v. *Superior Court,* 131 Cal. App. 698 [21 Pac. (2d) 998], where the trial court on an application for a new trial as to part only of the issues granted a new trial as to all issues, and the reviewing court held the trial court was limited to do no more than to act upon the motion directed to the single issue, but here the motion was broad enough to cover the entire issue, and the action of the trial court therefore was not beyond the scope of the motion.

Other points are urged for reversal, but in effect they are the points mentioned above in different forms, and we believe sufficient has been said to make clear our holding on the main points in issue.

For the foregoing reasons, therefore, the judgment is affirmed.

·Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 11, 1935.