J. BRUCE THOMPSON, WILLIAM B. THOMPSON AND JOHN W. THOMPSON, EXECUTORS OF THE ESTATE OF B. G. THOMPSON, DECEASED, v. PILOT LIFE INSURANCE COMPANY AND EZRA S. PATE, EXECUTOR OF THE ESTATE OF J. H. GARDNER, DECEASED.

(Filed 7 November, 1951.)

**1. Insurance § 26—**

The assignee of an insurance policy pledged as additional security for a loan is entitled to pay premiums on the policy to protect his rights, and it is not necessary that he have an insurable interest in the life of the insured.

**2. Pleadings § 10—**

Matters which may be set up as a cross action, G.S. 1-137 (1), are subject to the same rules governing the joinder of causes, G.S. 1-123 (1), and it is required that the matters alleged in the cross action be so related to those alleged in the complaint that an adjustment of both is necessary to a full determination of the controversy, and be so related that the parties must be assumed to have had the matters alleged in the cross action in view when they dealt with each other, and further that there be a mutuality of parties.

**3. Mortgages §§ 35c, 39e (2), 39e (8)—**

The purchase, in effect, by a *cestui* at the foreclosure sale conducted by him as trustee renders the foreclosure voidable and not void, and the foreclosure can be avoided only by the mortgagor or his heirs and assigns, and accounting for rents and profits subsequent to foreclosure cannot be demanded until the foreclosure deed is first vacated.

**4. Insurance § 36b (3): Pleadings § 10—Cross action held improperly alleged because of want of mutuality of parties and sufficient connection with plaintiff's cause.**

In an action to determine the right to the proceeds of a life insurance policy as between insured's executor and the assignee of the policy pledged as additional security for a debt primarily secured by a deed of trust executed by insured, *held* the executor is not entitled to allege that the debt had been fully paid by reason of the assignee's taking title to the land at the foreclosure sale and the receipt of the rents and profits from the land after foreclosure upon his contention that the foreclosure was wrongful in that the assignee was a *cestui* in the deed of trust and, in effect, purchased at his own sale, since such cross action lacks mutuality of parties and has no such direct and immediate connection with the assignee's cause of action as to permit it to be set up as a cross action or offset.

**5. Pleadings § 31—**

Matters alleged in the answer which are improper as a cross action or as an offset to plaintiff's cause are properly stricken upon motion.

APPEAL by plaintiffs from *Burgwyn, Special J.,* April Civil Term, 1951, WAYNE.

This is a civil action to determine the rights of the parties with respect to the proceeds of a life insurance policy issued upon the life of J. H. Gardner and by him assigned to B. G. Thompson as additional security for a $10,000.00 note dated January 28, 1927, which note was secured by a deed of trust on real property.

The plaintiffs allege a foreclosure of the deed of trust on December 17, 1930, from which the note was reduced to $2,181.74. This balance with interest to October 1, 1950, amounts to $4,772.19, which balance plaintiffs allege is unpaid. Plaintiffs further allege that all premiums on said insurance policy accruing from February 13, 1932, through February 13, 1950, were paid by B. G. Thompson, which premiums with interest to October 1, 1950, total $4,907.13. From the complaint it appears that the balance due on the original note, the premiums paid, and the accrued interest on the note and premiums to October 1, 1950, amount to a total of $9,679.32. Upon the death of J. H. Gardner, the plaintiffs, who as executors of B. G. Thompson had possession of the said policy, filed proofs of claim with the defendant, Pilot Life Insurance Company. After deducting a policy loan made to J. H. Gardner prior to the assignment, the sum of $4,399.97 is due under the policy, which amount the plaintiffs claim by virtue of the assignment of the policy.

The defendant, Insurance Company, admits liability and requests permission to deposit the amount due on the policy *in custodia legis.*

The defendant, executor of J. H. Gardner, filed an answer admitting the original debt, the execution of the deed of trust, and the assignment of the policy, and that the plaintiffs having possession of the policy filed the proofs of claim upon the death of J. H. Gardner, but denies the existence of a balance due on account of said indebtedness or on account of the payment of premiums, and pleads the three and ten years statutes of limitations. The further answer of the defendant, executor, contains the following paragraphs:

"First: That as this defendant is informed and believes, and upon such information and belief alleges, at the time the policy of insurance went into the possession of B. G. Thompson, this defendant's intestate was indebted to B. G. Thompson, William B. Thompson and John W. Thompson, in certain amounts; that the indebtedness was evidenced by a promissory note which was secured by a deed of trust to William B. Thompson, Trustee; that the deed of trust covered certain valuable lands of this defendant's intestate.

"Second: That the indebtedness due by this defendant's intestate to B. G. Thompson, and evidenced by said note, which was secured by said deed of trust, was due, in fact, to B. G. Thompson, William B. Thompson and John W. Thompson, who were operating under the firm name of B. G. Thompson.

"Third: That as this defendant is informed and believes, and upon such information and belief alleges, the deed of trust was in fact and in law a mortgage deed by reason of the fact that one of the *cestui que trust* was named in the deed of trust as trustee.

"Fourth: That under the deed of trust, or mortgage, whichever the instrument may have been, the Trustee or Mortgagee conveyed the property to John W. Thompson, who, in reality, was one of the beneficiaries, and was reconveyed to B. G. Thompson, who held title for himself, William B. Thompson and John W. Thompson. That thereafter B. G. Thompson held title to the property as Trustee for himself, William B. Thompson and John W. Thompson, having through John W. Thompson, purchased the same indirectly.

"Fifth: That at the time of the purported deed to John W. Thompson by William B. Thompson, Trustee, and by John W. Thompson to B. G. Thompson, the fair market value of the land was more than $25,000.00; that B. G. Thompson went into possession of the said land, and collected large amounts for the rents and profits for the same.

"Sixth: That as this defendant is informed and believes, and upon such information and belief, alleges, *by reason of taking title to the land, and*

by reason of various amounts of money paid to B. G. Thompson, by J. H. Gardner, all the indebtedness due B. G. Thompson, has been paid and satisfied.

"Seventh: That as this defendant is informed and believes, and upon such information and belief alleges, if there was any indebtedness due B. G. Thompson by J. H. Gardner, which had not been paid *by the receipt of the land, the rent and other payments,* then the indebtedness is barred by the ten-year statute of limitation, which statute of limitation this defendant pleads in bar of the plaintiffs' right to recover in this action.

"Eighth: That as this defendant is informed and believes, and upon such information and belief alleges, if there was any indebtedness due B. G. Thompson by J. H. Gardner, which had not been paid *by the receipt of the land, the rent and other payments,* then the indebtedness is barred by the three-year statute of limitation, which statute of limitation this defendant pleads in bar of the plaintiffs' right to recover in this action.

"Ninth: That if the plaintiffs' testate (*sic*) made certain payments of premiums on the policy of life insurance, which payments this defendant does not admit, and demands strict proof, this defendant is informed and believes that certain payments of premiums were voluntary acts on the part of the plaintiffs' testate, (*sic*) and that they were made at a time when the plaintiffs' intestate had no insurable interest in the policy." (Italics in paragraphs 6, 7 and 8 added.)

Plaintiffs in apt time and as a matter of right moved to strike from the further answer of defendant, executor, all of paragraphs 1, 2, 3, 4, 5, 9 and so much of 6, 7 and 8 as appear in italics, on the ground that such allegations contain improper, impertinent, irrelevant and immaterial matter and are prejudicial to the plaintiffs.

When the cause came on to be heard on the motion to strike, the court below denied the motion, and from the judgment plaintiffs excepted and appealed, assigning error.

*James N. Smith for plaintiffs, appellants.*
*Charles P. Gaylor and J. Faison Thomson for defendant, appellee.*

VALENTINE, J. This is not an action to recover from the estate of J. H. Gardner a balance due upon the indebtedness secured by the deed of trust, but is an action to establish the rights of the parties with respect to the proceeds of a life insurance policy assigned by J. H. Gardner to B. G. Thompson as security for the debt. Therefore, the statutory principle of law regulating the recovery of deficiency judgments (G.S. 45-21.36) has no application here.

The controversy is between the plaintiffs and the defendant, Ezra S. Pate, executor of J. H. Gardner. There is no dispute with the defendant, Pilot Life Insurance Company. Hence, the appellation "defendant" is hereafter used to designate only the defendant, Ezra S. Pate, executor of J. H. Gardner.

The policy of insurance was properly and lawfully assigned to B. G. Thompson by the insured as additional security for the loan. No insurable interest was necessary. He had a right to pay the premiums on the policy in order to keep it in force and protect his rights. *McNeal v. Insurance Co.,* 192 N.C. 450, 135 S.E. 300.

Plaintiffs' motion to strike draws into question the validity of defendant's cross action as it relates to the alleged wrongful taking of title to the land, receipt of rents and profits therefrom, and the payment of premiums on the insurance policy. This appeal challenges the correctness of his Honor's action in overruling plaintiffs' motion.

We must, therefore, consider whether the challenged allegations set up facts sufficiently related to the transactions involved in the original loan to bring the cross action within the purview of G.S. 1-137.

"The language of G. S. 1-123 (1), relating to causes which may be joined in the same action, and G.S. 1-137 (1), defining causes of action which may be pleaded as counterclaims, is substantially the same. The purpose and intent of each is to permit the trial in one action of all causes of action arising out of any one·contract or transaction.

"Whether joined in the complaint with another cause of action or pleaded as a cross action, the claim must arise out of the contract or transaction sued upon by plaintiff or it must be connected with the same subject of action. Hence, decision on the one is authority on the other. . . . . It must appear that there is but one subject of controversy." *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614, and authorities cited.

The cross action must be so related to the matters alleged in the complaint that an adjustment of both is necessary to a full determination of the controversy. *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555.

"To be connected with the subject of the action 'the connection of the case asserted in the counterclaim and the subject of the action must be immediate and direct, and presumably contemplated by the parties. . . . The connection must be immediate and direct. A remote, uncertain, partial connection is not enough to satisfy the requirements of the statute. . . . The connection must be such that the parties could be supposed to have foreseen and contemplated it in their mutual acts; in other words, that the parties must be assumed to have had this connection and its consequences in view when they dealth with each other.' " *Hancammon v. Carr, supra.* There must also be a mutuality of parties. *Hoyle v. Carter,* 215 N.C. 90, 1 S.E. 2d 93.

The transaction giving rise to plaintiffs' cause of action transpired at the time the loan was made and the policy of insurance assigned. The matter about which the defendant complains in his cross action occurred long after the transactions by which the original debt was created, and is bottomed upon subsequent wrongs charged against the plaintiffs and their testator. Hence, the alleged wrong committed by the plaintiffs in respect to the deed of trust and its foreclosure is not so related to the rights of the plaintiffs arising upon the assignment of the insurance policy as to bring defendant's claim within the purview of the statute.

It must be borne in mind that upon the death of the owner, title to his real estate vests in his heirs at law and not in his executor or administrator. If the foreclosure of the deed of trust was voidable, as hinted in defendant's cross action, this question could be raised only in a suit by the heirs at law of J. H. Gardner. *Council v. Land Bank,* 213 N.C. 329, 196 S.E. 483; *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481. On this question the Court has said: "The sale of the mortgagee (*i. e.,* the sale under the power in the mortgage by the mortgagee to himself) is not void, but only voidable, and can be avoided only by the mortgagor or his heirs or assigns." *Joyner v. Farmer,* 78 N.C. 196; *Shuford v. Bank,* 207 N.C. 428, 177 S.E. 408; *Peedin v. Oliver,* 222 N.C. 665, 24 S.E. 2d 519, and cases cited.

Thus it appears that if defendant's further defense be treated as a cross action, the alleged cause of action rests in the heirs at law of defendant's testator, and, if considered as an offset, nothing could be due for rents and profits until the foreclosure deed is first vacated. So long as this deed is unassailed by those having a right to attack it, the purchaser may not be treated as a mortgagee in possession and required to account for rents and profits.

There is, therefore, in this case a lack of sufficient mutuality of parties and of direct and immediate connection between the cause of action of the plaintiffs and the cross action of the defendant. The matters contained in the further answer of the defendant and challenged by plaintiffs' motion do not constitute a defense to the cause of action alleged in the complaint and should have been stricken as irrelevant, immaterial and prejudicial matter. *Bank v. Stewart,* 208 N.C. 139, 179 S.E. 463.

The judgment of the court below is

Reversed.