ELGIN NATIONAL WATCH COMPANY, Respondent, *v.* BULOVA WATCH COMPANY, Appellant.

First Department, January 8, 1953.

*Albert R. Connelly* of counsel (*Edward C. Perkins* with him on the brief; *Sanford H. Cohen,* attorney), for appellant.

*Edward C. McLean* of counsel (*Daniel W. West* with him on the brief; *Debevoise, Plimpton & McLean,* attorneys), for respondent.

PECK, P. J. This is an action by a patentee against its licensee for minimum royalties payable under a nonexclusive licensing agreement. The licensee has never employed the invention and has repudiated the agreement and resists the claim to minimum royalties accruing after repudiation upon the assigned ground of invalidity of the patent. The defense is incorporated in a plea of failure of consideration, which has been stricken as insufficient in law.

The question thus raised on this appeal is whether invalidity of a patent is a defense to an action for minimum royalties where the licensee has not used and does not intend to use the process or product of the claimed invention. Is validity of the patent the essence of consideration under a licensing agreement, so that invalidity may be pleaded as a failure of consideration, or is the licensee estopped from challenging the patent?

Estoppel of a licensee to deny the validity of a patent under which he manufactures, and the unavailability of such a denial as a defense to an action for accrued royalties, have long been established in the law. (*Kinsman* v. *Parkhurst,* 18 How. [59 U. S.] 289; *Marston* v. *Swett,* 66 N. Y. 206; *Bucky* v. *Sebo,* 276 App. Div. 545.) The reason is that the licensee has received what he bargained for, the protection of the licensing agreement and freedom from the claim and consequences of infringement.

It has become the law, however, that as to future manufacture, a licensee may repudiate his license upon a challenge to the validity of the patent, posing a test of the patent and exposing himself to the claim and consequences of infringement. (*Skinner* v. *Wood Mowing & Reaping Mach. Co.,* 140 N. Y. 217; *Skidmore* v. *Fahys Watch Case Co.,* 28 App. Div. 94; *Martin* v. *New Trinidad Lake Asphalt Co.,* 182 App. Div. 719.) But where the licensee has simply sought to shed fixed obligations under the license, without manufacturing against the patent and incurring the risks of infringement, it has been held that invalidity of the patent may not be asserted as a defense to a claim for minimum royalties (*Automatic Radio Mfg. Co.* v. *Hazeltine Research,*

*Inc.*, 176 F. 2d 799, affd. 339 U. S. 827; *Hazeltine Research, Inc.*, v. *De Wald Radio Mfg. Corp.*, 276 App. Div. 1001).

These latter cases conclude the present case as a matter of authority. But defendant challenges the rationale of the holdings and contends that it should make no difference, as to royalties accruing after repudiation, whether the licensee manufactures or not or whether the claim is for minimum royalties without manufacture. The suggestion is that there is no reason why active infringement should be a condition to the availability of the defense of invalidity of the patent.

The rationale can be developed only by analyzing the nature of a patent license agreement and the consideration for it, the basis of the doctrine of estoppel, and the reason for the exception in the case of the future infringer.

Defendant here proceeds upon the assumption that an essential part of the consideration for a license agreement is validity of the patent. This is the assumption which underlies the defense and it should be conceded that if the premise is sound the defense to the present action becomes logically unassailable. On the other hand, if the assumption is in error, the foundation of the defense falls.

The true nature of a license was stated by the Supreme Court in *Henry* v. *A. B. Dick Co.* (224 U. S. 1, 24), when it stated: " A license is not an assignment of any interest in the patent. * * * As a license passes no interest in the monopoly, it has been described as a mere waiver of the right to sue by the patentee." It is well recognized law that a covenant not to sue is good consideration, even if the threatened claim is invalid.

There is perhaps no subject in the law as disputable as the validity of a patent, and suits involving the validity of patents are intricate and expensive, as the consequences of infringement are severe. A licensee, though questioning a patent's validity, may still prefer a license to an infringement suit, to quiet rather than arouse a claim against him. It is obvious, therefore, that a license is of value regardless of the determination which might be made in a lawsuit. Presumably a licensee has made inquiry and satisfied himself of the validity of the patent and value of the invention, or at least as to the value of the right to use the claimed invention free of an infringement charge. The consideration received by the licensee is present and not illusive dependent upon the speculative outcome of future litigation.

Thus a licensee is not permitted to defend against a claim for accrued royalties upon a denial of the validity of the patent or an assertion of failure of consideration. He has received his consideration in the protected period in which he has operated free of any claim of infringement. That protection is of no different quality, however, than the protection originally received. Unless there was consideration in the first place, there would have been no consideration in the second place. If there was no consideration at the outset, there would be no accruing consideration in the meantime, and a defense of invalidity as failure of consideration would be available as a defense to a claim for accrued royalties.

When the courts have held, therefore, that a licensee may not assert invalidity of the patent as a defense to a claim for accrued royalties, they have necessarily held that validity of the patent is not the essence of consideration for a licensing agreement and that freedom from an infringement claim, regardless of the validity of the claim, is good consideration.

Why then, as to the future, may a licensee deny the validity of a patent and manufacture in opposition to the patent? The answer to that question does not lie in the field of contract law or any concepts of consideration but in the policy of patent law.

There is a conflict between the interests in awarding patent protection and assuring freedom of manufacture. Primarily and basically there is a public interest in freedom of manufacture. That is qualified by a crossing interest in invention and according patent protection to invention as a calculated means of encouraging it.

There is, of course, no public interest in affording patent protection to any art which is not novel and patentable. Therefore, a patent does not prove itself. In the interest of free manufacture, a manufacturer assuming the risks of an infringement suit is allowed to test a patent. The interest in free manufacture is such that even a licensee is permitted to put himself in that position. Therefore, a licensee may announce for the future that he repudiates his license and will manufacture in opposition to the patent. That position is allowed to him not as a matter of contract law but as a matter of patent law and public policy.

A licensee like the defendant here, however, does not put itself in that position and is not serving any public interest by repudiating its license agreement. It does not wish to manufacture or promote the art. For aught that appears, alleged

invalidity of the patent has not entered into its repudiation. Note its letter of repudiation, which does not mention patent invalidity. This defendant has simply decided that it does not wish to employ the process of manufacture covered by the patent, apparently regardless of the validity of the patent. There is no public interest in allowing a licensee, merely because it repents of its bargain, to repudiate its agreement and shed its obligations.

Defendant has received and would receive the protection and consideration of its agreement. Whether it wished to manufacture or not was its choice. It could have manufactured under the protection of its license and pay royalties accordingly or it could have repudiated the license agreement and manufactured as an infringer. Having elected not to manufacture, however, there is no reason why it should be freed of its considered commitment to pay minimum royalties. The license agreement, for practical purposes, was an option to defendant, and the continuing option was good consideration for the agreed minimum royalty payments.

The order appealed from should be affirmed, with costs to respondent.

COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements. [See *post,* p. 820.]