THE DAVIS COMPANY, A CORPORATION, v. BURNSVILLE HOSIERY MILLS, INC., A CORPORATION.

(Filed 12 October, 1955.)

**1. Patents § 3—**

In a civil action to recover royalties alleged to be due under a nonexclusive license agreement, the invalidity of the patents or the failure of licensor's title or authority to grant the licenses, are ordinarily ineffectual as defenses, and when such defenses do not come under any exception to the general rule, they are properly stricken on motion.

**2. Pleadings § 31—**

Allegations in the answer setting up matter ineffectual as defenses are properly stricken as irrelevant on motion aptly made. G.S. 1-153.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Clarkson, J.*, August, 1955, Regular Civil Term, Schedule B, of MECKLENBURG.

*Helms & Mulliss and John D. Hicks for plaintiff, appellant.*
*G. D. Bailey and W. E. Anglin for defendant, appellee.*

JOHNSON, J. This is a civil action to recover for royalties alleged to be due under patent license contracts. The case was heard below on

motion to strike allegations of the defendant's answer and further defense.

The gist of the complaint is that the plaintiff is engaged in the business of owning and holding patents for the production of elastic top hosiery and in licensing hosiery manufacturers to use the patents for stipulated royalties; that the defendant is a manufacturer of hosiery; that in November, 1950, the plaintiff and the defendant entered into separate license contracts, copies of which are attached to the complaint and made a part thereof, by the terms of which the defendant for stipulated royalties was granted nonexclusive licenses to manufacture elastic top hosiery under patents which the plaintiff owned entirely or in respect to which it possessed the right to grant licenses; that the defendant thereafter manufactured and sold quantities of hosiery, using the patent processes covered by the license contracts, and is indebted to the plaintiff in the sum of $695.68 for royalties due and unpaid under the terms of the contracts.

The defendant, answering, denied the material allegations of the complaint, and by further defense pleaded total failure of consideration, based on (1) invalidity of the patents, and (2) denial of the plaintiff's title to the patents or right to grant licenses relating thereto.

The plaintiff within apt time moved the court as a matter of right to strike from the answer the entire further defense. The motion was denied. The plaintiff's appeal tests the validity of this ruling.

Since the invalidity of a patent ordinarily does not release the licensee's obligation to pay royalties while the license is in force, the general rule is that, subject to certain exceptions not applicable here (69 C.J.S., Patents, Sec. 264 (e)), a licensee is estopped to assert the invalidity of the patent when sued for accrued royalties under the license agreement. *Eastern States Petroleum Co. v. Universal Oil Prod. Co.,* 22 Del. Ch. 333, 2 A. 2d 138; *Elgin Nat. Watch Co. v. Bulova Watch Co.,* 281 App. Div. 219, 118 N.Y.S. 2d 197; *Jones v. Burnham,* 67 Me. 93, 24 Am. Rep. 10; 69 C.J.S., Patents, Sections 160 and 264 (1); Walker on Patents (Deller's Edition), Sections 383 and 392; 40 Am. Jur., Patents, Section 149.

In *Eastern States Petroleum Co. v. Universal Oil Prod. Co., supra,* a licensee, when sued for royalties under a license agreement, pleaded invalidity of the patents. The licensor demurred on the ground that such defense was not available to the licensee. The demurrer was sustained. The Court said in part:

"Aside from the foregoing, there is yet another and equally convincing reason why the demurrer should be sustained; and that is that Eastern is estopped to deny the validity of the patents under which it took its license. Where a licensee takes a license to work a patent for

which letters patent have been duly issued, receiving the benefits of the agreement including immunity from molestation by the owner on the ground of infringement, it is highly inequitable that he should be permitted to escape the obligation to pay the royalties which he stipulated he would pay in consideration for the granted immunity. It was so held in the leading case of *Kinsman et al. v. Parkhurst,* 18 How. 289, 15 L. Ed. 385. The doctrine of that case has been uniformly recognized and accepted without a single dissent, so far as my investigations show, in subsequent cases in the federal and state jurisdictions in this country and in England."

In *Elgin Nat. Watch Co. v. Bulova Watch Co., supra,* the plaintiff, owner of the patent, sued the defendant licensee for royalties payable under a nonexclusive license agreement. The defendant pleaded failure of consideration in that the patents were invalid. On plaintiff's motion, the entire defense was stricken as not constituting a valid defense. There the appellate Court, in sustaining the ruling below, said in part:

"Is validity of the patent the essence of consideration under a licensing agreement, so that invalidity may be pleaded as a failure of consideration, or is the licensee estopped from challenging the patent?

"Estoppel of a licensee to deny the validity of a patent under which he manufactures, and the unavailability of such a denial as a defense to an action for accrued royalties, have long been established in the law. *Kinsman v. Parkhurst,* 18 How. 289, 59 U.S. 289, 15 L. Ed. 385; *Marston v. Swett,* 66 N.Y. 206; *Bucky v. Sebo,* 276 App. Div. 545, 95 N.Y.S. 2d 769. The reason is that the licensee has received what he bargained for, the protection of the licensing agreement and freedom from the claim and consequences of infringement."

Also, the general rule is that a licensee when sued for royalties accrued under a license agreement is estopped to escape liability by denying title of his licensor or questioning the licensor's authority to grant the license, without establishing something in the nature of an eviction. *Wyman v. Monolith Portland Cement Co.,* 3 Cal. App. 2d 540, 39 P. 2d 510; *Schnack v. Applied Arts Corporation,* 283 Mich. 434, 278 N.W. 117; *Engineering Co. v. Perryman Electric Co.,* 113 N. J. Eq. 255, 166 A. 461; 69 C.J.S., Patents, Section 264, p. 817.

This rule which estops the licensee of a patent from denying the authority from which his right proceeds derives from the same basic principle that precludes a tenant from denying his landlord's title. See *Callender v. Sherman,* 27 N.C. 711; *Lawrence v. Eller,* 169 N.C. 211, 85 S.E. 291.

The defendant's affirmative defense of failure of consideration being based upon pleas of (1) invalidity of the patents, and (2) denial of the licensor's title to the patents or authority to grant the licenses, and

these pleas being ineffectual as defenses, it necessarily follows that the further answer states no defense. It should have been stricken in its entirety as irrelevant matter. G.S. 1-153; *Thompson v. Insurance Co.*, 234 N.C. 434, 67 S.E. 2d 444. See also *Stone v. Coach Co.*, 238 N.C. 662, 78 S.E. 2d 605; *Brown v. R. R.*, 202 N.C. 256, 162 S.E. 613. The ruling of the court below in declining to strike the further defense must be held for error.

Error and remanded.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.