GONZÁLEZ CHEMICAL INDUSTRIES, INC., demandante y recurrente, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrido.

*Número:* 107    *Resuelto:* 21 de septiembre de 1962

*Sifre, Ruiz Suria & Sifre* y *Baltazar Corrada del Río*, abogados de la recurrente; *Hiram R. Cancio, Secretario de Justicia, Arturo Estrella, Procurador Auxiliar*, y *Luis F. Candal, abogados del Departamento de Justicia*, abogados del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Texaco Development Corporation, una corporación organizada bajo las leyes de Delaware, posee una licencia para la manufactura de amoniaco y metanol empleando un proceso de generación de gas sintético en la producción de monóxido de carbono e hidrógeno. En 2 de agosto de 1955 se otorgó un contrato por la mencionada corporación y la recurrente González Chemical Industries, Incorporated, una corporación local, mediante el cual se le concedió a ésta una licencia de naturaleza *inexclusiva* e *intransferible* para el uso del proceso

74

aludido, para lo cual esta última se obligó a construir dentro del término de dos años una planta para la generación de gas sintético en la municipalidad de Guánica. Se dispuso el pago inmediato de una regalía (*royalty*) de diez mil dólares y otros pagos posteriores que dependían de la producción de la planta. Esta suma de diez mil dólares sería acreditada a los pagos posteriores de regalía cuando comenzara la producción.

En 27 de mayo de 1957 el Secretario de Hacienda notificó a la recurrente la imposición de una contribución sobre la propiedad mueble para el ejercicio fiscal 1956–57 e incluyó entre la propiedad tasada a los fines de la determinación contributiva la licencia obtenida en virtud del contrato de concesión con Texaco Development Corporation, que se valoró para ello en diez mil dólares. Son hechos aceptados que para esta fecha González Chemical Industries, Incorporated, no había construido aún la planta para la generación de gas sintético, y que, por ende, no se había usado la licencia obtenida.

Se recurrió a la vía judicial para impugnar la actuación del Secretario al incluir el derecho de licencia como propiedad sujeta a tributación. El tribunal de instancia desestimó la querella, y para revisar la sentencia dictada expedimos auto de revisión. La única cuestión que plantea este recurso puede resumirse en la siguiente forma: ¿Es tributable para fines de contribución sobre la propiedad en Puerto Rico una licencia inexclusiva e intransferible para usar un proceso patentizado en la producción de un producto químico? [1-3]

El artículo 290 del Código Político, según enmendado, 13 L.P.R.A. sec. 443, constituye la fuente para la imposición de contribución sobre la propiedad en Puerto Rico. "Toda *propiedad* no exenta expresamente del pago de contribuciones será tasada como imponible," es el principio general que informa dicha facultad fiscal. Y añade que "Los bienes muebles comprenderán . . .los bonos, las acciones, certificados de crédito en sindicatos o sociedades no incorporadas, *derechos*

*de privilegio,*(¹) marcas de fábrica, franquicias, concesiones y *todas las demás materias y cosas susceptibles de ser propiedad privada . . ."* Las licencias para el uso de patentes no han sido expresamente exentas de tributación para la imposición de contribución sobre la propiedad.(²) Siendo ello así, la decisión del problema planteado depende en un análisis final de si la licencia concedida a la recurrente constituye "propiedad" o una cosa "susceptible de ser propiedad privada.(³) ▪

¿Cuál es la verdadera naturaleza de una licencia para usar una patente? En términos generales, una patente es un derecho o privilegio exclusivo (monopolio) creado al amparo de la ley; que "tiene los atributos de propiedad mueble" (35 U.S.C. sec. 261), *Hartley Pen Co.* v. *Lindy Pen Co.,* 16 F.R.D. 141 (Cal. 1954), conf. 237 F.2d 294 (CA 9, 1956). Se reconocen tres formas para la cesión o transferencia de una patente: 1—la cesión, venta o traspaso de la patente completa; 2—la cesión, venta o traspaso de parte de la patente; y, 3—la cesión, venta o traspaso de la patente para hacer, vender o usar el producto o proceso patentado dentro de un área específica de los Estados Unidos. Cualquier cesión o traspaso que no esté comprendido en cualquiera de las tres situaciones apuntadas constituye una mera licencia. *Dairy Queen of Okl., Inc.* v. *C.I.R.,* 250 F.2d 503 (CA 10, 1957); *Watson* v. *United States,* 222 F.2d 689 (CA 10, 1955); *Broderick* v. *Neale,* 201 F.2d 621 (CA 10, 1953); *Starke* v.

---

(¹)En *Tesorero* v. *Tribunal de Contribuciones y Destilería Serrallés,* 70 D.P.R. 225 (1949) se indica en el escolio 3 que una traducción más exacta de la frase "patent-rights" usada en el texto inglés sería "derechos de patente," en lugar de "derechos de privilegio."

(²)El artículo 291 del Código Político, según enmendado, 13 L.P.R.A. sec. 551, contiene las exenciones generales que concede la ley. Para otras exenciones concedidas por leyes especiales, véanse, las secciones 191 a 196, 241(b) y 552 a 607 del Título 13 de las *Leyes de Puerto Rico Anotadas.*

(³)Indudablemente que la licencia tiene valor, *U.S. Industries, Inc.* v. *Otis Engineering Corporation,* 277 F.2d 282, 291 (1960); pero eso por sí solo no significa que constituye *propiedad* a los fines de contribución sobre la propiedad.

*Manufacturers Nat. Bank of Detroit*, 174 F. Supp. 882. (Mich. 1959) ; *De Luxe Game Corp.* v. *Wonder Products Co.*, 166 F. Supp. 56 (N.Y. 1958) ; *Kenyon* v. *Automatic Instruments Co.*, 160 F.2d 878 (CA 7, 1947) ; *United States* v. *Krasnov*, 143 F. Supp. 184 (Pa. 1956), conf. 355 U.S. 5. (1957). La licencia se ha considerado como una renuncia del dueño de la patente de su derecho a demandar por la usurpación del privilegio protegido por la misma, *De Forest Radio Telephone and Telegraph Co.* v. *United States*, 273. U.S. 236, 242 (1927) ; *Henry* v. *A. B. Dick Co.*, 224 U.S. 1 (1912) ; *American Telephone & Telegraph Co.* v. *Radio Audion Co.*, 281 F. 200 (Del. 1922) ; *Elgin National Watch Co.* v. *Bulova Watch Co.*, 118 N.Y.S.2d 197 (1953), o como una cesión del dueño de la patente de su derecho de excluir al concesionario de hacer, usar o vender el producto o proceso patentado, *United States* v. *Line Material Co.*, 333 U.S. 287 (1948), y finalmente, como una protección para el adquirente de la licencia contra una demanda del dueño por usurpación del privilegio protegido por la patente, *Western Electric Co.* v. *Pacent Reproducer Corp.*, 42 F.2d 116 (CCA 2, 1930), cert. den. 282 U.S. 873 (1930) ; *Filges* v. *Plax Corp.*, 156 F. Supp. 210 (Ky. 1957). Parece claro que tratándose de una mera licencia *inexclusiva e intransferible*, y en vista de lo precedentemente expuesto, que los atributos de propiedad permanecen en el dueño de la patente, y que la licencia no es más que la mera manifestación objetiva del disfrute de ese derecho de propiedad. Cfr. *De la Haba* v. *Tribunal de Contribuciones*, 76 D.P.R. 923, 936 (1954). ■

Dos teorías principales informan la imposición de contribuciones sobre la propiedad: La de la divisibilidad, que reconoce la propiedad como un puñado o conjunto de derechos sobre una cosa y quien posee uno de esos derechos se considera como dueño a los fines contributivos; y la de individualidad o indivisibilidad, que no considera como dueño

a quien no tenga todos los derechos sobre la cosa. Keesling, *Conflicting Conceptions of Ownership in Taxation*, 44 Cal. L. Rev. 866 (1956); Keesling, *Property Taxation of Leases and Other Limited Interests*, 47 Cal. L. Rev. 470 (1959); *Liquor License not Subject to Property Tax*, 1 Stan. L. Rev. 370 (1949). Esta última—que predomina en la mayoría de las jurisdicciones estatales—es la que, según se deduce en nuestras escasas interpretaciones sobre el particular, prevalece en Puerto Rico. *Fajardo Sugar Company* v. *Tesorero de Puerto Rico*, 22 D.P.R. 311 (1915), en donde dijimos que "El mero hecho de que la legislatura indique la intención de tasar toda la propiedad no hace que toda forma o mutación(4) de propiedad esté sujeta a tasación y con frecuencia no se consideran como propiedad algunas cosas o derechos que representan valor hasta que no sean declarados así por la Legislatura" (pág. 320). En *De la Haba* v. *Tribunal de Contribuciones*, supra, hicimos referencia a que un arrendatario de bienes inmuebles por un término de 999 años tiene "todos los atributos prácticos de dominio" que le convierte en dueño a los fines de la imposición de contribución territorial. Evidente es que si hemos sostenido en el caso de *De la Haba* que "los arrendamientos corrientes no están sujetos a contribución sobre la propiedad,"(5) la licencia en-

(4) Una lectura del texto inglés de la opinión emitida por el extinto Juez Asociado señor Wolf revela que al decirse "mutación de propiedad" se refiere a los bienes inmuebles por su destino u objeto al cual son aplicables, artículo 262 del Código Civil, ed. 1930, 31 L.P.R.A. sec. 1042, y no a desmembramientos del dominio.

(5) El tribunal de instancia indicó en su opinión y sentencia que el derecho de arrendamiento está sujeto a tributación bajo las leyes fiscales, y cita como autoridad lo resuelto en *González* v. *Tribunal de Contribuciones*, 73 D.P.R. 26 (1952). Sin embargo, todo cuanto allí resolvimos se limita a que para fines de contribución sobre ingresos un contrato de arrendamiento puede tener valor para determinar la existencia de un beneficio en la disposición de unas acciones. Asimismo hemos sostenido que un contrato de arrendamiento puede tener valor en el mercado sujeto a compensación en un procedimiento de expropiación forzosa, *Pueblo* v. *McCormick, Alcaide y Cía.*, 78 D.P.R. 939 (1956). Cfr. *Galiñanes Hnos.* v. *Tribunal Superior*, 77 D.P.R. 881 (1955).

vuelta en este caso no puede tampoco considerarse como propiedad para la imposición de contribuciones.[6]  El arrendatario se sirve de la cosa con exclusión de terceros, y aun frente al propietario, lo cual es hasta cierto punto un atributo de la propiedad; la licencia que consideramos ni siquiera es exclusiva ni transferible.  Véase, Anotación, *Assignability of license's rights under patent licensing contract*, 66 A.L.R.2d 606 (1959).  ■

La referencia que se hace en el artículo 290 del Código Político *supra*, a que bienes muebles incluye "todas las cosas susceptibles de propiedad privada" no tiene el alcance que pretende el Secretario, y, a nuestro juicio, cumple el único propósito de establecer la distinción entre bienes de dominio público y bienes de dominio privado. (Artículos 256 y 257 del Código Civil, ed. 1930, 31 L.P.R.A. secs. 1025 y 1026.)

Es posible que el acelerado desarrollo industrial del país requiera—para una distribución más equitativa de la responsabilidad contributiva—que se adopte la teoría de la divisibilidad en la imposición de la contribución sobre la propiedad.  Cfr. Peterson, *Assessment of Leasehold Interests in Tax Exempt Realty in California*, 48 Cal. L. Rev. 806 (1960).  Sin embargo, ésta es una función que compete exclusivamente a la Asamblea Legislativa y trasciende el ámbito de la intervención judicial, aun por vía de interpretación. La deseabilidad de esta norma es necesario considerarla a la luz de múltiples factores económicos que no estamos en libertad de evaluar.

Habiendo llegado a la conclusión de que el derecho de licencia aquí envuelto no constituye "propiedad" a los fines de la imposición de la contribución territorial, *se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 7 de enero de 1959 y se dictará otra en su lugar declarando con lugar la querella interpuesta.*

---

[6] En *Wynne* v. *Aller*, 96 S.E.2d 422 (N.C. 1957) se dijo que la relación existente entre el dueño de una patente y el concesionario puede compararse con la que existe entre el arrendador y el arrendatario.